DAVIS ET AL. *v.* STATE OF INDIANA.

[No. 28,966.   Filed May 13, 1953.]

*Robert A. Buhler* and *James P. Murphy,* of Fort Wayne, for appellants.

*J. Emmett McManamon,* Attorney General and *William T. McClain,* Deputy Attorney General, for appellee.

BOBBITT, J.—Appellants were charged by affidavit, under Acts 1941, ch. 148, §9, p. 447, being §10-3001, Burns' 1942 Replacement, with the crime of grand larceny, tried by the court without the intervention of a jury, found guilty as charged and sentenced to the Indiana Women's Prison for a period of not less than one (1) year, nor more than ten (10) years, fined in

the sum of $10 each, and disfranchised for a period of two years.

The only error assigned is the overruling of appellants' separate motions for a new trial.

The sole question here presented as to both appellants is whether the evidence is sufficient to sustain the finding of the court. The affidavit is as follows:

> "Samuel Stuart being duly sworn, upon his oath, says: That on the 25th day of October, A. D. 1950, at the County of Allen and in the State of Indiana, Bertha Davis and Etta Coates Green did then and there unlawfully and feloniously steal, take and carry away Four Hundred Dollars of the lawful and current money of the United States of America, the personal goods and chattels of Fred V. Philpot then and there being of the value of 400.00 Dollars; contrary to the form of the statue in such case made and provided."

In order to sustain the conviction herein the state was required to produce competent evidence to prove, or from which the trial court might have reasonably inferred, that appellants stole, took or carried away personal property of one Fred V. Philpott (lawful money of the United States) of the value of $25 or more. *Mattingly* v. *State* (1952), 230 Ind. 431, 438, 104 N. E. 2d 721.

This court will not weigh conflicting evidence when its sufficiency is questioned on appeal, but will examine the record to determine whether there is any evidence of probative value, or any reasonable inferences which would sustain the verdict of the jury or the decision of the trial court.

A careful examination of the evidence most favorable to the state discloses the following:

Fred Philpott, a witness for the state, testified that on or about October 25, 1950, at approximately ten o'clock A.M. he went to the small loan department of

one of the banks in Fort Wayne, Indiana, for the purpose of paying and repossessing a certain contract covering the sale of a hearing aid; that he went to the teller's window, where he was accustomed to transacting similar business, and took out his purse which he described as being "dark brown or brown, you might say chrome colored," from which he took a hundred dollar bill and gave it to the teller in payment of the balance due on said contract. When he handed the bill to the teller he laid his purse down on the ledge of the teller's window and picked up the contract to read. He spent some three to five minutes standing in front of the window reading the contract, and while he was thus standing a woman walked up to the left of him and started pushing her way to the teller's window. At this point the teller gave Philpott his change and as he took it he saw a Mr. Frederick, one of the personnel of the bank, "standing down there." He went over to Mr. Frederick and said, "Thank goodness this account is paid off." He then said, "Where's my purse?", and immediately walked back to the teller's window and discovered that the purse was gone. The witness further testified that he had one $100 bill, some $50 bills, and some $20 bills, approximating the sum of $400 in the purse when he left it at the window; and he identified the appellants, Bertha Davis and Etta Coates Green, as the two women who were standing beside him at the teller's window when he left it to speak to Mr. Frederick.

Stewart G. Billings, a witness for the state, testified that he was standing directly behind Philpott at the teller's window at the bank at the time herein mentioned and two ladies came in and "crowded in front of him."

Beverly Auman, the bank teller, who waited on Philpott, testified as a witness for the state, in part, as follows:

"Q. Calling your attention to that date, about 10 o'clock in the morning, was there a Mr. Philpott who came in, that you waited on?

"A. Yes.

"Q. Will you tell the court, in your own words, what you observed during that transaction and the next two or three that occurred at that time?

"A. Mr. Philpott is a dealer. He came in and paid off either two or three contracts. He was standing at the window reading the contracts; and Mr. Billings had come in to make his payment and he was next in line; and Miss Davis and Miss Green came in, and I don't know whether they pushed Mr. Philpott, but they were at the window that Mr. Billings was standing at the side. I asked Mr. Philpott who was next and he said Mr. Billings was next. The two ladies stood right in front of the window and didn't make any attempt to move to let Mr. Billings in, so I took his payment over the glass. Then Mr. Billings left and Miss Green gave me her payment book and I started taking her payment; and it didn't mean anything to me at the time but it was Miss Davis, she picked up it was a brown billfold and she handed it to Miss Green and Miss Green was reluctant to take it. Miss Davis shoved it on Miss Green and put it in Miss Green's pocket; and when she made her payment she paid me out of her pocketbook. They left and I waited on more people and Mr. Philpott came back and told me his billfold was missing. It then occurred to me about them and I told him.

"Q. You saw this lady pick up a brown purse?

"A. A billfold.

"Q. A brown billfold?

"A. Yes.

"Q. Is that lady in court today?

"A. Yes, that's the lady with the red hat.

"Q. Is the lady—she's the one that picked up—

"A. No, Miss Davis picked up the billfold.

"Q. Which is Miss Davis?

"A. I think in the green coat, and Miss Green is the one in the grey coat.

"Q. Which one picked up the purse?

"A. Miss Davis.

"Q. The billfold?

"A. Yes.

"Q. And passed it to the other lady that's here in court?

"A. Yes, Miss Green.

"Q. How do you happen to know these people?

"A. They had loans I'd say for about two years—coming in every month and making payments.

"Q. You are acquainted with them through your business dealings with them at the bank?

"A. Yes.

"Q. Were those the two that were in the bank on October 25th at about 10 a. m.?

"A. Yes.

"Q. In the City of Fort Wayne, Allen County, Indiana?

"A. Yes."

The court could reasonably have found from the evidence above recited that appellants took and carried away more than $25 in lawful money of the United States, which was the personal property of said Philpott as charged in the affidavit. This is sufficient to sustain the finding and judgment of the trial court.

Judgment affirmed.

NOTE.—Reported in 112 N. E. 2d 215.