CONNER *v*. STATE OF INDIANA.

[No. 29,022. Filed October 28, 1953. Rehearing denied December 1, 1953.]

*Howard R. Hooper,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *Carl Humble,* Deputy Attorney General, for appellee.

BOBBITT, C. J.—Appellant was charged by affidavit under Acts 1941, ch. 148, §9, p. 447, being §10-3001, Burns' 1942 Replacement, with the crime of grand larceny, tried by the court without the intervention of a jury, found guilty as charged and sentenced to the Indiana State Prison for a period of not less than one year, nor more than ten years, fined in the sum of $100, and disfranchised for a period of five years.

The only error assigned is the overruling of appellant's motion for a new trial.

The sole question here presented is whether the evidence is sufficient to sustain the finding and judgment of the trial court. The affidavit, omitting formal parts, is as follows:

"BE IT REMEMBERED, That, on this day before me, FRANK H. FAIRCHILD Prosecuting Attorney of the Nineteenth Judicial Circuit, personally came DANIEL T. VEZA who, being duly sworn, upon his oath says that JAMES CONNER on or about the 29th day of November, A.D. 1951, at and in the County of Marion in the State of Indiana, did then and there unlawfully and feloniously take, steal and carry away of the personal goods of Christ Kuzman, to-wit: United States Currency then and there of the value of fifteen thousand ($15,000.00) dollars, then and there the property of the said Christ Kuzman, then and there being . . . in the possession of Stoyko Staletovich, then and there being . . . contrary to the form of the

statute in such case made and provided, and against the peace and dignity of the State of Indiana."

In order to sustain the conviction herein the state was required to produce competent evidence to prove, or from which the trial court might have reasonably inferred, that appellant stole, took or carried away the personal property of one Christ Kuzman (United States currency) of the value of $25 or more.

*Davis* v. *State* (1953), 232 Ind. 272, 112 N. E. 2d 215.

An examination of the record to determine whether there is any evidence of probative value, or any from which a reasonable inference might be drawn, to sustain the decision of the trial court, discloses the following:

Stoyko Staletovich, a witness for the state, testified that he was employed in a tavern at 544 West Maryland Street, Indianapolis, Indiana, which was owned by Christ Kuzman; that the tavern cashed checks for workers on Thursday and Friday of each week, and that a part of his duties was to handle money for Mr. Kuzman. With reference to his activities on November 29, 1951, he testified on direct examination, as follows:

"Q. Did you go to the bank from the tavern?
"A. Yes.
"Q. What did you get from the bank?
"A. I get $15,000.00.
"Q. Did you have this money taken from you?
"A. Yes.
"Q. Where was that?
"A. Right on the street.
"Q. What street?
"A. California.
"Q. And where is that with reference to the tavern?

"A. On Maryland and California right on the corner.

"Q. Were you by yourself?

"A. I was by myself, yes.

"Q. Tell the Court how it was taken.

"A. I carried it in a bag and he sat there in the restaurant on the corner.

"Q. Who is 'he?'

"A. This fellow.

"Q. That is the Defendant?

"A. Yes.

"Q. Where had you seen him?

"A. He sitting on the restaurant over there on a window. I pass over there and he jump after me, and I see him at the booths and I thought he working at Kingan. I know him before. He meet me many time on Washington and I see him many times over there, and I thought it was bad for him to do that kind of business now.

"Q. Now what did he do?

"A. I walk this way and he come follow me, you know, and grab the sack and run and I run after him.

"Q. What kind of sack was that?

"A. Paper bag from the store. That is all.

"Q. What did you have in it?

"A. $15,000.00.

"Q. Whose money is that?

"A. Christ Kuzman's.

"Q. And he was your employer?

"A. Yes. That is my boss."

This witness further testified on cross-examination, as follows:

"Q. Now, Mr. Staletovich, how do you know of your own personal knowledge that the money you received at the bank on this date in question was the money of one Christ Kuzman?

"A. Yes.

"Q. I say how do you know that was his money?

"A. I know it cause I working up there.

"Q. But I am talking about the money you drew from the bank. How do you know of your own personal knowledge that was Christ Kuzman's money?

"A. I know it was.

"Q. How do you know it?

"A. I know it. I working up there.

"Q. How do you know that that money you drew from the bank was his money?

"A. Sure it was his money. It was nobody elses money."

Elmer H. White, a police officer for the city of Indianapolis, testified on direct examination as follows:

"A. After the defendant had been apprehended by Sergeant Veza we had a conversation with the Defendant.

"Q. Will you tell the Court what you heard the Defendant say in your presence?

"A. The Defendant said he had taken the $15,-000.00 from, I don't know how to pronounce the man's name, but the man that just previously testified. [The man who had just previously testified was Stoyko Staletovich].

"Q. Did he give you the man's name?

"A. No, the Defendant didn't give us the man's name. No, sir.

"Q. Just tell what he said.

"A. Well the Defendant said that he had grabbed the sack with the $15,000.00. He said he didn't know how much money was in it. He would judge around $1500 or $2500 at the most; and that he had grabbed the sack from the man. . . .

"Q. Did you make any further investigation after that?

"A. Yes, sir. At Police Headquarters we counted the money and found the $15,000.00 all intact; and the Defendant stated that if he would have got away with the money he

would have bought himself a new home with the money, and he also admitted at Headquarters that he did take the money.

"Q. What did you do with the $15,000.00?

"A. The $15,000.00 was at first placed in our Police Property Room in the safe and later $14,900.00 was returned to the owner, and there was $100.00 we have in the Court room which at that time was placed in the Property Room and was marked and the first and last bill has Sergeant Veza's initial, and the second from the front . . .

"Q. Just a minute, Officer. You testified the money was returned to the owner.

"A. $14,900.00 was returned to the owner.

"Q. Who returned it to the owner?

"A. I released the money myself.

"Q. And what was his name?

"A. Christ Kuzman.

"Q. I will hand you what has been marked State's Exhibit #1 for identification, and ask you what that is?

"A. This is $100.00 of the $15,000.00 which was taken from the Defendant.

"Q. And you turned over the rest of the money to Mr. Kuzman?

"A. Yes, sir."

This witness testified, on cross-examination, that he knew of his own personal knowledge that the money in the sack taken by appellant was United States currency.

Daniel T. Veza, a police officer for the city of Indianapolis, testified on direct examination as follows:

"A. We put him in the Police car and took him to Detective Headquarters and we had a conversation relative to the money again.

"Q. What was that conversation?

"A. I asked him if he had any idea that there was the actual amount of $15,000.00 in that paper sack, and he said he did not have; so we

counted the money to make sure there was $15,000.00 there.

"Q. Where was this done?

"A. In Police Headquarters.

"Q. What was the result of your count?

"A. All of the money was intact.

"Q. Was this United States currency?

"A. Yes, it was."

The foregoing testimony was undisputed. The court was justified in finding, from the evidence above recited, that appellant stole, took and carried away more than $25 in United States currency, which was the personal property of Christ Kuzman as charged in the affidavit. This is sufficient to sustain the finding and judgment of the trial court.

Judgment affirmed.

Gilkison, J., not participating.

NOTE.—Reported in 114 N. E. 2d 882.