PROPHET *v.* STATE OF INDIANA.

[No. 29,888. Filed June 30, 1960.
Rehearing denied September 26, 1960.]

58

*Robert A. Mucker*, of Lafayette, for appellant.

*Edwin K. Steers*, Attorney General, and *Owen S. Boling*, Assistant Attorney General, for appellee.

BOBBITT, J.—Appellant was charged by amended affidavit in two counts—Count One charging him with inflicting physical injury in the commission of robbery; Count Two charging robbery under Acts 1941, ch. 148, §6, p. 447, being §10-4101, Burns' 1956 Replacement; and as being an habitual criminal under Acts 1907, ch.

82, p. 109, being §§9-2207-8, Burns' 1956 Replacement; tried by jury and found guilty on both counts of the affidavit, and sentenced accordingly. He was then also sentenced to the Indiana State Prison for life as an habitual criminal.

Since the overruling of the motion for a new trial is the only assigned error discussed in the argument section of appellant's brief, we need consider no other. Such motion contains 17 specifications or alleged grounds for a new trial. These will be considered in their numerical order.

The sheriff of Carroll County, Indiana, went to the State police barracks in West Lafayette, Indiana, in the forenoon of March 5, 1958, to talk with appellant herein regarding a burglary which had occurred at the New Hope and at the Cutler Schools, both in Carroll County, on the night of March 4, 1958. Appellant admitted taking part in these burglaries and that he took approximately $131 of which $81 was in bills, all of which was being held by the State police at their barracks in West Lafayette. After lunch the sheriff and his deputy returned to the State Police Post for the money which he received from the State police in two green bags, one marked "Farmers State Bank of Frankfort," and the other "Attica Bank." These were placed in the trunk of the sheriff's car and he and the deputy then drove to the Tippecanoe County jail where they took custody of appellant and his accomplice, John Monroe Delk, and their wives, for the purpose of returning them to the Carroll County jail.

The sheriff's deputy drove the car. Appellant was seated on the front seat with the sheriff on his right and the deputy on his left. The others were in the rear seat of the car. Both appellant and Delk were handcuffed with their hands in front. During the trip the

sheriff and his deputy were overpowered by appellant who took the sheriff's gun and car in which all the prisoners escaped.

At about 4:25 o'clock that afternoon the sheriff's car was found with the trunk open and abandoned in a rock quarry by a State policeman who found appellant and the two women nearby. He arrested them and at the time appellant had the sheriff's .38 caliber Colt revolver and "three wallets and eighty-one dollars in bills and several . . . loaded cartridges." Two or three days later the State police went back to the place where the sheriff's car was abandoned and found an olive green money bag marked "Farmers Bank of Frankfort."

*First:* Appellant asserts by specification 1 of the motion for a new trial that the trial court erred in overruling his motion to withdraw submission of the case to the jury. This motion was based upon the ground that appellant was prejudiced by the publication in the Lafayette Journal and Courier that the judge had overruled a motion by appellant's attorney "requesting a directed not-guilty verdict," and a motion by such attorney "requesting that portions of the affidavit referring to $131 in money (taken from two school buildings) as being in the legal possession of Sheriff Carey be eliminated."

Appellant's verified motion to withdraw submission asserted "[t]hat said newspaper [Lafayette Journal and Courier] is widely read and to the best information and belief of this affiant is read by many of the jurors now hearing evidence in the above case."

No evidence was introduced in support of the allegations of the motion to withdraw submission. Nothing but the verified motion, based upon information and belief, was presented to the trial court and such motion could not be accepted as conclusive

proof of the allegations therein contained. Even if it were so accepted, such motion does not show that the newspaper article of which complaint is made, was read by any of the members of the jury or that they, or any of them, had any knowledge of its publication. Under these circumstances it cannot be presumed that appellant's rights were prejudiced and there was no error in overruling the motion to withdraw submission.

*Second:* Appellant, by specification 2, asserts that the trial court erred in permitting the sheriff, Calvin Carey, to testify, over the objections of appellant, as to the value of the guns taken from him by appellant in the alleged robbery.

However, no question is presented on appeal for our consideration because the motion for a new trial fails to set out the objections, questions, answers or ruling of the court in connection therewith, or to describe the exhibits to which reference is made. *May* v. *State* (1953), 232 Ind. 523, 529, 112 N. E. 2d 439; F. W. & H. Ind. Tr. & App. Pract., §1812, p. 388.

*Third:* Specifications 3 to 12, inclusive, pertain to the sufficiency of the evidence to establish the ownership of the money taken from the trunk of the sheriff's car. Certain of these specifications present no question on appeal for the reason stated under *"Second"* above. However, since all of these alleged errors are related to the same basic question, we will consider them together on the merits.

Appellant asserts that since the money in question came into the possession of Calvin Carey in his official position as sheriff of Carroll County, it was not his property within the meaning of the robbery statute.[1]

---

1. Acts 1941, ch. 148, §6, p. 447, being §10-4101, Burns' 1956 Replacement.

However, it is not necessary for us to decide this question because appellant is also charged with the taking of the .38 caliber pistol "from the person of Calvin Carey" and this charge is sustained by the evidence.

The applicable law was stated to the jury in the State's tendered Instruction No. 6 which was given by the court and is as follows:

"The affidavit herein charges the defendant with taking by robbery a certain amount of money and two pistols, of a stated value. The court instructs you that in order to find the defendant guilty under either count *it is not necessary that you find him to be guilty of taking all of the property named therein,* nor is it necessary that you find that the value of the property taken is exactly as charged in the affidavit. *If you find that the defendant is guilty as charged in either count of said affidavit of taking by robbery any amount of money or either of said pistols, and that what he took had any value at all,* then if you find that the other necessary elements of the crime have been proven as charged you may find the defendant guilty of robbery as charged in Count 2 of the affidavit, or of inflicting physical injury in the commission of a robbery, as charged in Count 1 of the affidavit." (Our italics.) *Edson* v. *The State* (1897), 148 Ind. 283, 284, 47 N. E. 625.

In *Ard* v. *State* (1958), 238 Ind. 222, 149 N. E. 2d 825, appellant and two other men planned to escape when they were taken from the Marion County jail to the City Hospital in Indianapolis, Indiana, for dental treatment. While in the clinic they surprised the two deputy sheriffs, taking their guns and escaping from the hospital. Ard contended there, as does appellant in the present case, that he only intended to escape and did not take a gun from one of the deputy sheriffs by force or violence or by putting him in fear, as charged in the affidavit. We there held that although the evi-

dence showed a preconceived plan by appellant and the two other persons to escape when they were taken to the hospital, this fact did not refute the evidence of robbery, which was shown "to have been committed by appellant [Ard] and the other two prisoners in taking the officers' guns by force and putting [them] in fear so as to make good their plan of escape."

In the present case the evidence discloses that appellant, in his effort to escape, struck the sheriff, Calvin Carey, "across the eyes with the chain off of the handcuffs." The sheriff, as a witness for the State, testified, *inter alia,* as follows:

> "We scuffled there [in the car] for a little bit; I felt something in my stomach, I though it was handcuffs, I felt it was metal. All at once there was a loud poof, it wasn't a sharp shot or anything that way. I realized I had been shot. I backed from Mr. Prophet, backed out of the car, threw up my hands and I told him, I said 'I give up.'
>
> "At that time Mr. Prophet, the two girls got out on the lefthand side. I turned around and walked across the road and when I got across the road I observed Mr. Prophet sticking that gun down in his belt (right here) and he was hollowing [hollering] for them to get in. They got in and took off with the car."

The .38 caliber pistol which appellant put in his belt was later taken from him, as hereinabove mentioned, by the State policeman who arrested him near where the sheriff's car was found and was identified as belonging to the sheriff, Calvin Carey.

We think this evidence is sufficient to bring the present case completely within the factual situation in the Ard case, and if the evidence there was sufficient to support a charge of robbery, it would seem to follow logically that the evidence in the record in the case at bar is sufficient to support a charge

of robbery and of inflicting physical injury while engaged in the commission of a robbery, without considering any of the evidence pertaining to the money found in the trunk of the sheriff's car. Under these circumstances appellant was not harmed by the introduction of such evidence.

*Fourth:* It is asserted by specification 13 that the trial court erred in giving, over appellant's objection, certain instructions which were submitted by him and given as modified by the court.

Appellant's objection appears to be that the court committed error by adding to such instructions the phrase "or to appropriate said property to his own use." These instructions pertained to the crimes charged in both counts of the amended affidavit and to the crime of grand larceny and petit larceny and the element of "intent."

Appellant contends that since he did not know that the money was in the trunk of the car at the time he took it from the sheriff, he did not intend to steal or take the money.

The rule is well settled that "[i]t is not necessary, to constitute the crime of larceny, that the taker should have intended to appropriate the property taken to his own use." *Best* v. *State* (1900), 155 Ind. 46, 57 N. E. 534.

It is difficult for us to see how appellant could have been harmed by the addition of the above phrase to the instructions hereinabove mentioned. Even if the rule were otherwise than above stated, it was not error to give the instructions as modified, because the evidence is sufficient to support a finding of the jury that the appellant did appropriate the sheriff's revolver to his own use and this is, in itself, sufficient to sustain the conviction herein.

For the reasons above stated it was also not error for the court to give such instructions as modified or to refuse to give them in the exact form as tendered by appellant, as charged in specification 14.

*Fifth:* Specification 15 asserts error in giving, over the objection of appellant, State's tendered Instruction No. 8, as modified by the court, because such instruction purports to tell the jury that it is not necessary that the defendant (appellant) knew at the time of the taking exactly what articles he was taking.

The evidence here shows that appellant knowingly took from Calvin Carey a .38 caliber revolver of the value of between $40 to $45 on March 5, 1958. This was sufficient to sustain the verdict of the jury herein. *Conner* v. *State* (1953), 232 Ind. 622, 114 N. E. 2d 882.

When appellant was shown, by the evidence, to have taken "from the person" of Calvin Carey any article of value by violence or by putting in fear, as charged in the amended affidavit herein, it was sufficient to sustain the verdict of the jury finding him guilty of robbery as charged in Count Two thereof.

*Sixth:* Under specification 16, that the verdict of the jury was contrary to law, it is asserted that the finding of appellant guilty on both counts of the amended affidavit and that he was an habitual criminal was error. Both the amended affidavit and the sentences as shown by the record to have been pronounced by the court, conformed in all respects with the provisions of the Habitual Criminal Act,[2] and appellant's contention here is without merit under the circumstances as shown by the record, and further discussion of the question or a recital of the record pertaining thereto would needlessly extend this opinion.

2. Acts 1907, ch. 82, §2, p. 109, being §9-2208, Burns' 1956 Replacement.

*Seventh:* Under specification 17 it is asserted that the verdict is not sustained by sufficient evidence because there is no evidence in the record that appellant took by violence or by putting in fear any property of Calvin Carey.

The evidence recited and summarized above is sufficient to sustain the verdict of the jury on this issue.

Appellant has failed to sustain his burden of showing reversible error, and the judgment of the trial court must be affirmed.

Judgment affirmed.

Jackson, C. J., Landis, Achor and Arterburn, JJ., concur.

NOTE.—Reported in 168 N. E. 2d 189.