ROBERT LEE PERKINS *v.* STATE OF INDIANA.

[No. 173S1.  Filed September 26, 1973.]

*Larry J. Wallace,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Darrel K. Diamond,* Deputy Attorney General, for appellee.

GIVAN, J.—Appellant was charged by affidavit in two counts: 1) robbery and 2) infliction of physical injury in the commission of a robbery. Trial by court resulted in a finding of guilty on both charges. Appellant was sentenced to life imprisonment and committed to the custody of the Department of Correction for confinement and classification.

The record reveals the following evidence:

At approximately 9:30 P.M. on January 19, 1972, Mrs. Millie Warfield was a passenger in a car driven by her husband. As they reached their home at 3318 Orchard Street, Indianapolis, Indiana, Mrs. Warfield unlocked her car door. Appellant opened the door from the outside and stabbed Mrs. Warfield in the arm. He continued to threaten Mrs. Warfield with a knife and threatened to kill her if her husband attemped to come to her aid. Appellant demanded Mrs. War-

field's purse, which contained $1.50 in cash and a watch. After taking the purse, appellant ran from the scene.

Although the robbery occurred at night, Mr. and Mrs. Warfield testified that they could see the appellant clearly as the area was lighted by the nearby porch light of the victim's house and the dome light in the car, which came on when appellant opened the door.

Appellant first claims the judgment of the court was not supported by sufficient evidence on all necessary elements of the crime. This Court will consider only that evidence most favorable to the State, together with all reasonable and logical inferences which may be drawn therefrom. *Hash* v. *State* (1973), 259 Ind. 683, 291 N. E. 2d 367, 34 Ind. Dec. 635.

Appellant claims a fatal variance between the charging affidavit and the evidence as to the value of the property taken. The amended affidavit charged appellant with the taking of money and property of the value of $11.70. The evidence shows the taking of $1.50 in cash plus other property. In *Prophet* v. *State* (1960), 241 Ind. 57, 62, 168 N. E. 2d 189, this Court was confronted with the same issue in the form of an instruction to the jury. There this Court upheld the following instruction:

> " 'The affidavit herein charges the defendant with taking by robbery a certain amount of money and two pistols, of a stated value. The court instructs you that in order to find the defendant guilty under either count *it is not necessary that you find him to be guilty of taking all of the property named therein,* nor is it necessary that you find that the value of the property taken is exactly as charged in the affidavit. *If you find that the defendant is guilty as charged in either count of said affidavit of taking by robbery any amount of money or either of said pistols, and that what he took had any value at all,* then if you find that the other necessary elements of the crime have been proven as charged you may find the defendant guilty of robbery as charged in Count 2 of the affidavit, or of inflicting physical injury in the commission of a robbery, as charged in Count 1 of

the affidavit.'" (Emphasis supplied by this Court in its opinion.)

Thus, any variance in the amount taken is not material and not grounds for reversal.

Appellant also argues that there is a total lack of proof that Mrs. Warfield was put in fear. However, in her testimony Mrs. Warfield stated:

"I can't think of anything else. He had me so afraid and I was so shakey I can't think of anything else."

If there were no direct evidence of fear, the trier of fact could infer fear from the circumstances of the robbery. *DeWeese* v. *State* (1972), 258 Ind. 520, 282 N. E. 2d 828, 31 Ind. Dec. 47.

We, therefore, find that there is sufficient evidence in this Record to sustain the finding of the trial court. The decision of the trial court is not contrary to law.

Judgment of the trial court is, therefore, affirmed.

Arterburn, C.J., and DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 301 N. E. 2d 513.