## GOIT in the suit of KNAPP VS. DICKERMAN.

*Writ of assistance—If against stranger to suit, cannot be issued without order of court.*

1. A writ of assistance to put the purchaser at a foreclosure sale in possession of the premises, as against a *stranger* to the suit, can issue only upon order of the court.
2. Otherwise (under Equity Rule No. 8), where the party in possession is a defendant.

APPEAL from the County Court of *Ozaukee* County.

*Knapp* obtained a judgment of foreclosure and sale of mortgaged premises, against one Dickerman (the mortgagor) and his wife, one Hoyt and his wife, and one Whipple, said Hoyt and Whipple being made defendants as subsequent incumbrancers. Whipple did not appear to the action, and the only evidence of service of the summons upon him was an acceptance of service in his name "by his attorney in fact, C. L. DICKERMAN," purporting to be by virtue of a power of attorney recorded in the office of the register of deeds of said county in a specified volume and page. The only proof of the filing of *lis pendens* was an affidavit of the plaintiff's attorney, filed with the papers, stating that, on &c., "a notice of the pendency of this action, in the form prescribed by the laws of Wisconsin, and containing, as this deponent believes, correctly and truly all the particulars required by law to be stated in such notice, was filed," &c. At the foreclosure sale, the premises were sold to *Knapp*, and a sheriff's deed made to him. The appellant *Goit* was in possession of the premises, having purchased them of Whipple after the commencement of the action; and he refusing to deliver the possession to *Knapp*, the latter obtained from the clerk of the circuit court in vacation a writ of assistance, directed to the sheriff, which ran against said *Goit*, by name, as well as against the defendants named in the action. The judge of the county court, on the application of *Goit*, set aside the writ; the circuit court subsequently set

aside the order of the county court; and from this decision *Goit* appealed.

*Foster & Turner*, for appellant:

1. The appellant is entitled to move in the action to set aside the writ. *Gelpeke v. Railroad*, 11 Wis., 454. 2. The writ should be set aside. A writ of assistance is an execution (R. S., ch. 134, secs. 3, 4); and an execution must follow the judgment. But *Goit* is not named as a party to the judgment, nor is the fact therein adjudicated that he claimed under a party to it. 3. *Goit* was in possession under Whipple, who did not appear in the action, and upon whom there is no proof of service of process. 4. Even if jurisdiction was obtained over Whipple, *Goit* is not bound, there being no proper proof that notice of *lis pendens* was filed. Counsel also contended that the county judge had power to set aside the writ, citing R. S., ch. 140, secs. 29, 31.

*Eugene S. Turner*, for respondent, argued, among other things, that the county judge had no power to make the order setting aside a writ of assistance issued from the circuit court.

COLE, J. It appears that the writ of assistance was issued by the clerk on the application of the attorney for the plaintiff in the foreclosure proceedings, without notice to the persons to be affected thereby, and without any order of the court or judge granting the writ. Now, while it is held in New York, under the code, that after a judgment of foreclosure directing that the purchaser be let into the possession, and after a sale of the premises, the purchaser, on proof that he has exhibited the sheriff's deed, &c., and demanded possession, may have an *ex parte* order for a writ of assistance without notice to the parties in the action (*New York Life Ins. & Trust Co. v. Rand et al.*, 8 How. Pr. R., 35; *Same case*, affirmed at general term, p. 352; *Same v. Cutler et al.*, 9 How. Pr. R., 407; *Lynde v. O'Donnell*, 21 id., 34), yet we know of no case which decides that the writ may be issued by the clerk without an order. In

the note to the case of *Betts v. Birdsall*, 11 Abbott Pr. R., 222, it is stated by the reporter that it seems a writ of assistance, being in the nature of an execution upon the judgment, may issue under the code without an order, and the case above cited from the ninth of Howard is relied on in support of this position; yet it will be seen, upon an examination of the opinion in that case, that it decides no such point. As a matter of fact the writ of assistance was granted in that case on motion, by the court, at special term; and therefore no such question of practice was before Mr. Justice WELLES as the reporter assumes was decided. But although the purchaser at the foreclosure sale, on proof that he has exhibited the sheriff's deed and demanded possession, may be entitled to an *ex parte* order for a writ of assistance from the court having jurisdiction of the cause (or perhaps the order might be granted by the judge at chambers), still he should obtain such an order when the writ goes against one situated as *Goit* is in this case. If the writ issues without any order, we think it should be held irregular and void.

The circuit court, by vacating the order of the county judge setting aside the writ of assistance, in effect decided that the writ was properly issued. This was erroneous. The writ was irregularly issued, for the reasons already given.

*By the Court.*—The order of the circuit court is reversed, and the cause remanded for further proceedings.

At the June term, a motion for a rehearing was denied.

COLE, J. In the above opinion it is held that the writ of assistance was improperly issued by the clerk without an order of court. This was sufficient to dispose of the appeal. On the motion for a rehearing it is claimed that this practice is in direct conflict with old equity rule No. 8, still in force, as well as with several decisions of this court expounding that rule and pointing out the duty of the clerk under it. It is very clear, however, that the rule and decisions referred to are applicable

only to a case where the writ is issued against a party to the suit. *As against the parties to the suit*, it may well be the duty of the clerk to issue the writ of assistance, when the requisite affidavit is made, without a special order of the court. But surely the rule does not authorize the clerk to issue the writ, without such an order, against one not a party to the suit nor bound by the judgment. *Goit* was in possession of the premises under Whipple. And although Whipple was made a defendant in the action as the owner of the equity of redemption, yet it does not appear that the court ever acquired jurisdiction, over him. We refrained from expressing any opinion whether it would be competent for the circuit court, in the present attitude of the case, to determine *Goit's* rights or deprive him of the possession of the mortgaged property, because no such question was before us. Assuming, for the purpose of the appeal, that the court might do this, we merely held that the clerk had no power to issue a writ of assistance as against him without some order of the court for issuing it. When it is borne in mind that neither he nor Whipple, under whom he claims title, was a party to the suit, we think there is nothing in the decision in conflict with the rulings in *Attorney General v. Lum*, 2 Wis., 509 ; *State ex rel. Chappell v. Giles*, 10 id., 101 ; *Gelpeke v. Mil. & Horicon R. R. Co.*, 11 id., 454 ; or *Loomis v. Wheeler*, 18 id., 524.

With this explanation of our views, it is manifest that the former decision is right, and that the motion for a rehearing must be denied.

*By the Court.*—Motion denied.