## PEOPLE v. MIX.

1. ARSON — PROSECUTION — CIRCUMSTANTIAL EVIDENCE — SUFFI-
CIENCY.

On an information for feloniously burning a dwelling house
belonging to respondent with intent to injure a fire-insurance
company, evidence examined, and *held,* circumstantially
sufficient to sustain a finding that respondent was actually
and personally present at the burning or set fire to or burned
the building, though there was no direct testimony that he
was present or set the fire, and there were witnesses who
testified that he was four miles away when the building
burned.

2. SAME—EVIDENCE— ADMISSIBILITY — MOTIVE — VALUE OF PROP-
ERTY.

A proof of loss sworn to by respondent describing the house, its
contents, and the barn and its contents, was admissible in evi-
dence to show the property burned and its value, as showing
a motive for the burning.

3. SAME—ABSENCE OF MOTIVE.

Respondent was entitled, for similar reasons, to show that prop-
erty not included in the proof of loss was destroyed.

4. WITNESSES—REPUTATION— CHANGE OF DOMICILE — ADMISSIBIL-
ITY OF EVIDENCE.

Where a witness has recently changed his domicile, evidence as
to his reputation for truth and veracity at his previous places
of residence is admissible within reasonable limits as to time.

5. CRIMINAL LAW — ARGUMENT OF COUNSEL — DEPARTURE FROM
EVIDENCE.

Where it appears that certain of the people's witnesses have
been posted as common drunkards, it is prejudicial for the
prosecuting attorney to charge inferentially in his closing
argument that the posting was done by respondent, there
being no testimony to justify such argument.

6. ARSON—INFORMATION—DESCRIPTION OF PROPERTY.

In an information for burning to injure an insurance company,
under section 11544, 3 Comp. Laws, the building burned may
be described as a dwelling house, it having been intended to
be occupied as a residence, though respondent was not occu-
pying it as such at the time of the burning.

Exceptions before judgment from Barry; Smith, J. Submitted June 13, 1907. (Docket No. 123.) Decided July 13, 1907.

James B. Mix was convicted of burning a building with intent to defraud an insurance company. Reversed.

*Colgrove & Potter*, for appellant.

*Lee H. Pryor*, Prosecuting Attorney ( *Thomas Sullivan*, of counsel ), for the people.

CARPENTER, J.   Respondent was convicted of feloniously burning a certain dwelling house belonging to himself, with intent to injure a certain fire-insurance company who had insured the same against loss by fire.  This dwelling house was vacant.  It was situated in the township of Castleton, Barry county, about four miles away from the village of Nashville, where defendant resided.  The fire destroyed the house and its contents and an adjacent barn and its contents, all belonging to defendant.  We are asked to set aside the conviction on several grounds:

*First*. It is insisted that there was no evidence which justified the jury's finding—as they were compelled to find under the charge of the court and under the law governing the case ( *Meister* v. *People*, 31 Mich. 99)—"that the defendant was actually and personally present at the burning or set fire to or burned the building in question." It is true that there was no direct testimony tending to prove that defendant himself set the fire, or was personally present when the building burned.  There is, however, circumstantial testimony.  That circumstantial testimony is as follows:  That defendant endeavored, and unsuccessfully endeavored, to procure others to burn the building; that when he failed in this endeavor, he stated he would burn it himself; that he placed a jug containing, as the jury might infer, either kerosene or gasoline, in the house, and so arranged that it could be readily ignited; that after

the building burned he endeavored to divert suspicion to others by procuring false testimony; and that the building was insured for more than its value. We think this circumstantial evidence warranted an inference of defendant's guilt. It is very similar to that in the case of *Hamilton* v. *People*, 29 Mich. 173, where this court was of the opinion that an inference of guilt could be drawn. It is contended, however, that this inference cannot be drawn, because other witnesses testified that defendant was at his home in Nashville, four miles away, when the fire occurred. It cannot be said that the testimony of all these other witnesses was inconsistent with defendant's guilt. He might have set fire to this building, and still have been in Nashville at the time testified to by some of them. One of these witnesses had a criminal record. Others may have made a mistake in testifying to the time they saw defendant. We cannot say that the jury were bound to credit their testimony. Neither can we say, as defendant asks us to say, that their verdict was against the weight of the testimony.

*Second.* For the purpose of showing the articles which were burned, and their value, the people were permitted to introduce in evidence the proof of loss sworn to by defendant. This proof of loss described the house in question, its contents, and the barn and its contents. We think this evidence was properly admitted. It had a bearing upon defendant's motives. It was admissible under the decision of *Hamilton* v. *People*, 29 Mich. 173. There the court said:

"Objection was made to the reception of certain evidence of the amount of hay in the barn. * * * We think that the fact of the fullness or emptiness of the barn might have a very clear bearing upon the question of motive in burning the barn, and we can see no reason for excluding any circumstance showing the extent of the fire and of the property burned."

Defendant was prevented from proving that the fire destroyed certain other property not included in the proof

of loss. We think this testimony should have been admitted. Within the rule which justifies the admission of the proof of loss, it had a bearing on defendant's motive.

Counsel for the people contend that the exclusion of this testimony was harmless, because the property omitted from the proof of loss was trivial in value. Whether or not he is right in this contention we need not determine, since the conviction must be reversed upon other grounds.

*Third.* It is contended that the trial court erred in excluding certain testimony offered by defendant for the purpose of impeaching Horace Worden, a witness sworn for the people. Worden was not an unimportant witness. He testified that after the fire defendant offered to pay him $25 if he would give false testimony tending to prove that one Bert Parmeter burned the building. At the time of the trial he resided in the village of Nashville. He had lived there only a few weeks. During the preceding two years, ending with the summer of 1906, he had lived upon a farm in Eaton county, just across the line from Barry. Prior to that time for two or three years he had lived in Nashville; and prior to that, in Vermontville (Vermontville and Nashville are only three miles apart), where he had resided for many years. The testimony excluded tended to prove that Worden had a bad reputation for truth and veracity at the time he lived in Nashville and in Vermontville. We think the court erred in excluding this testimony. It is within the rule laid down in *Hamilton* v. *People*, 29 Mich. 173, where it was said:

"Where an impeached witness has changed his domicile, there appears to be no objection to showing his reputation in both places within a reasonable limit of time."

See, also, *Keator* v. *People*, 32 Mich. 484. Mr. Wigmore, in volume second of his work on Evidence, in section 928, says:

"On principle, the correct solution seems to be that prior character at any time may be admitted, as being relevant to show present character, and therefore, indi-

rectly, to show the probability as to truth-speaking. The only limitation to be applied would be that applicable to all use of a former condition to show a present one, * * * i. e., that the character must not be so distant in time as to be void of real probative value in showing present character; this limitation to be applied in the discretion of the trial court."

In support of this proposition many authorities are cited. The objection to the contrary rule, which was in this case adopted by the trial court, is forcibly presented by Campbell, C. J., in *Norwood* v. *Andrews*, 71 Miss. 641. He says it would—

"Preclude the possibility of impeaching the character of one who had changed his residence in many cases. The rule must work both ways, and, under the rule we condemn, one who had maintained an unblemished reputation through a long life, in case of removal and occasion in his new home to prove his good character where he had spent his life, would be denied the right to call witnesses who had known him at his former residence, because not acquainted with his reputation at his new place of abode; and one who had not lived long enough at a place to become known there would not be able to prove reputation at all."

It is believed that the decisions of this court are in harmony with the rule stated by Mr. Wigmore. In making this statement, I have not overlooked *Webber* v. *Hanke*, 4 Mich. 198, where this court held that, where a witness had a fixed abode for five years (and that is not this case), it is within the discretion of the trial court to exclude testimony of his reputation in the country where he lived before that time. We cannot say that the error in excluding this testimony was harmless. Had it been admitted, it may have led the jury to utterly discredit Worden's testimony and to acquit the defendant. The ruling was therefore not only erroneous, but it was prejudicial.

*Fourth.* It appeared, on cross-examination of certain witnesses for the people, that they had been posted as common drunkards in the village of Nashville. During the closing argument of the assistant prosecuting attorney,

he used language which, by inference, charged that this posting was done by defendant. There was no testimony to justify this. The prosecuting attorney should have used more guarded language.

*Fifth.* The information described the house that was burned "as the dwelling house of defendant." Defendant's counsel requested the court to charge the jury that they could not convict the defendant unless this house was "actually used or occupied as a place of abode by the defendant." This request was refused, and defendant alleges error. This court has held (*People* v. *Handley*, 93 Mich. 46) that the term "dwelling house" used in certain statutes means a house that is actually occupied as such. The term itself, however, has a broader meaning. In common parlance, and according to Webster's Dictionary, "a house intended to be occupied as a residence" is a dwelling house. It was in this sense that the building in question was described as a dwelling house, and there is no objection to so describing it, for the guilt of defendant (he was convicted under section 11544, 3 Comp. Laws) did not depend upon the character of the building he burned, or upon the use to which it was put.

No other question demands discussion.

The conviction is set aside, and a new trial ordered.

McALVAY, C. J., and GRANT, HOOKER, and MOORE, JJ., concurred.