ARD *v.* STATE OF INDIANA.

[No. 29,516. Filed May 12, 1958.]

*Daily & Daily,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, *Owen S. Boling* and *Merl M. Wall,* Deputy Attorneys General, for appellee.

LANDIS, J.—Appellant was convicted of robbery and after trial by the court was sentenced for a period of ten to twenty-five years in the Indiana Reformatory.

He first contends on this appeal that the decision of the court is not sustained by sufficient evidence.

Appellant concedes the evidence most favorable to appellee (The State) shows that appellant and two other men confined to jail were taken to Indianapolis City Hospital for dental treatment by two deputy sheriffs. That after two teeth were pulled the men were turned over again to the deputies. That deputy Kelso got up to handcuff two of the men, that he heard a noise and turned around and saw appellant had his arm around deputy McLaughlin's shoulder and that appellant had McLaughlin's gun out. Kelso was then shoved across a table and his gun taken by the other two men. Kelso became scared when one of the men (Bingham) stuck the gun in his side, saying, "Don't move or I'll shoot you." Appellant was scuffling with

McLaughlin at this time. Appellant was wrestling over the floor and had McLaughlin's gun when he turned around. It was a Colt 38. Appellant did not take Kelso's gun. Appellant stood in the hallway with gun toward McLaughlin waiting for the other two men to come outside the dental clinic. They came backing out, one of the men carrying Kelso's gun. An oral admission of appellant was introduced that appellant and the two men had planned to escape when they were taken from the jail to the dental clinic; that they had planned that appellant grab McLaughlin and the other two grab Kelso, that they took the guns from such deputies and ran away from the clinic and hospital, that appellant grabbed Kelso's gun from the other men and had both guns, that he gave McLaughlin's gun back to the other two men and that he kept Kelso's gun (taken from Kelso by one of the other men) until it was taken from appellant at a Noblesville tavern by police.

Appellant contends the evidence is not sufficient to sustain a conviction of robbery, but that appellant only intended to escape and that appellant did not by force or violence or putting anyone in fear, take a gun from deputy sheriff Kelso, as charged in the affidavit, that the gun in question was taken by one of the other men associated with appellant in the enterprise.

Appellant's contention that he did not intend to commit robbery but intended only to escape is without substance. The evidence, it is true, shows a preconceived plan by appellant and the other two prisoners to escape when they were taken by the officers from the jail to the hospital for dental treatment. The carrying out of that plan may have been in itself a criminal offense as being in violation of one or

more of the statutes dealing with escape.[1] However, in any event, the fact an escape was involved does not strengthen appellant's case one iota, nor does it refute the evidence of robbery in the record which stands uncontradicted, the robbery appearing to have been committed by appellant and the other two prisoners in taking the officers' guns by force and putting in fear so as to make good their plan of escape.

Appellant's contention that he is not guilty of robbing deputy sheriff Kelso of the gun, as he did not personally take the gun from Kelso, is similarly without merit. Appellant and the other two prisoners were acting in concert and aiding and abetting each other in forcibly taking the guns of both officers. The evidence and inferences all support the conclusion appellant was guilty as an aider and abettor in the robbery of officer Kelso, and therefore he was answerable for the same offense as if he were a principal. See: Burns' §9-102, 1956 Replacement, being Acts 1905, ch. 169, §224, p. 584; *Peats* v. *State* (1938), 213 Ind. 560, 12 N. E. 2d 270; *Workman* v. *State* (1939), 216 Ind. 68, 21 N. E. 2d 712, 23 N. E. 2d 419; *White* v. *State* (1941), 219 Ind. 290, 37 N. E. 2d 937.

Appellant's next contention that the trial court erred in ruling on his motion for discharge when appellant was not present in court in person does not appear to be before us on this appeal, as it was not raised in appellant's motion for new trial. However, in any event, the ruling on the motion for discharge was not a part of the trial as requires his presence in person, and as the record shows appellant

---

1. Burns' Ind. Statutes §§10-1801 to 10-1810 inclusive, being Acts 1905, ch. 169, §§495-498, p. 584; Acts 1955, ch. 196, §1, p. 516; Acts 1905, ch. 169, §500, p. 584; Acts 1905, ch. 169, §503, p. 584; Acts 1927, ch. 122, §1, p. 397; Acts 1935, ch. 96, §1, p. 295; Acts 1935, ch. 103, §1, p. 311.

was represented by counsel at the time of the ruling on his motion for discharge, and as he appears to have been awarded the substantial rights accorded to him by the law, no error has been shown. See: *Joseph* v. *State* (1957), 236 Ind. 529, 141 N. E. 2d 109, 114, 115, and cases therein cited.

Other questions attempted to be raised by appellant for the first time on this appeal are waived by reason of appellant's failure to present them in his motion for new trial. Appellant was represented throughout the trial below by competent counsel whose diligence and proficiency in behalf of appellant have not been attacked in any respect. It affirmatively appears that appellant had a fair trial in the court below, and as no valid reason has been advanced why this cause should be reversed, the judgment of the trial court is affirmed.

Emmert, C. J., and Bobbitt, Achor and Arterburn, JJ., concur.

Note.—Reported in 149 N. E. 2d 825.