HOLDING *v.* STATE OF INDIANA.

[No. 30,277. Filed June 6, 1963.]

*John M. Heeter*, of Indianapolis, for appellant.

*Edwin K. Steers*, Attorney General, and *David S. Wedding*, Deputy Attorney General, for appellee.

ARTERBURN, J.—The appellant was charged by affidavit with the crime of first degree burglary and grand larceny. Two other defendants were involved in the same charge and their cases were disposed of in other proceedings. The appellant was tried, found guilty, and sentenced for the crime of first degree burglary for not less than ten nor more than twenty years in the Indiana State Reformatory. A suspended sentence was given for the crime of grand larceny.

The appellant assigns as error the overruling of his motion for a new trial and also specifies, as a second assignment of error, the incompetency of counsel *in the preparation of appellant's motion for a new trial.*

The alleged incompetency in the preparation of the motion for a new trial consists in counsel's wording of the same, the word "judgment" being used in lieu of the statutory words "verdict" of the jury or "finding" of the court. The State, however, has seen fit to waive such defect in the motion for a new trial and, instead, brief its argument on the merits. Since the State has not relied upon this technical error, the appellant has been in no way prejudiced by his counsel's preparation of his motion for

a new trial. There remains no substance or merit to such contention.

We, therefore, go to a consideration of the merits of the motion for a new trial, namely, whether the finding is contrary to law and is not sustained by sufficient evidence. This consideration boils down to the contention that there is no proof that the place burglarized was "a place of human habitation" and that the confession cannot be utilized to supply such proof. Reviewing the evidence, we find that the affidavit recites that the place burglarized was situated "at 3220 Lockburn Street, City of Indianapolis, County of Marion, State of Indiana, in which said dwelling house the said Robert Huhn then lived."

The evidence shows that a state police officer testified that "he had had occasion to investigate a break-in at 3220 Lockburn Street in the City of Indianapolis" and that he found that a break-in had occurred through the front door by a breaking of the glass and that various articles had been taken. He also testified that he had talked to the defendant and had taken his written confession, which was reread to and signed by the defendant. The written confession stated that it was voluntarily made without threats or inducements or promises, and that he (the defendant) had participated "in the burglary of the Robert Huhn residence located at 3220 Lockburn Street, Indianapolis, Indiana" with two other persons. Were this all the evidence in the case, we think it would be sufficient to allow a jury to draw an inference that the break-in occurred, as provided in the Statute (Burns' §10-701(a)), in a "dwelling house or other place of human habitation," since undoubtedly a jury may conclude that a "residence" is a dwelling house or place of human habitation. *Simmons* v. *State*

(1955), 234 Ind. 489, 129 N. E. 2d 121; *People* v. *Mix* (1907), 149 Mich. 260, 112 N. W. 907; *Bell and another* v. *The State* (1866), 20 Wis. 630; Black's Law Dictionary, 3d Ed., p. 632.

The difficulty arises, however, from the fact that the record shows that Robert Huhn testified that he resided at the time at "322 North Vernon in Marion County." It was argued that this was a typographical error or an error in transcribing by the court reporter, and some outside investigation may support this contention. However, we are bound by the record as it is presented to us in the bill of exceptions. Considering the record accordingly, we must conclude that there is a conflict as to where Robert Huhn was living at the time of the alleged burglary, or, in other words, whether 3220 Lockburn Street was his residence. The settlement of this conflict in the evidence was made by the finder of the facts. The court found (if there appeared any conflict in the evidence when he heard it) that the allegations of the affidavit were proved in that respect. If the error occurred in the transcription, the court had no real conflict when he heard the evidence. Evidence is presented to us, however, that there is a conflict and we must assume that the trial court resolved this conflict in making its finding. We have no right to distrub such a finding if it is supported by any evidence, although conflicting. *Lander* v. *State* (1958), 238 Ind. 680, 154 N. E. 2d 507.

The appellant, however, contends that the confession must be corroborated in all details. We have held that corroboration means merely proof of the corpus deliciti, namely, that a crime has been committed of the nature and character of that charged.

"A confession made under inducement is not sufficient to warrant a conviction without corroborating evidence. The corroboration which is required is not of incidental facts stated in the confession, but that the offense charged has been committed." 8 I. L. E., Criminal Law, §185, p. 281.

In *Parker* v. *State* (1949), 228 Ind. 1, 88 N. E. 2d 556, we further emphasized the principle that to corroborate a confession it is not necessary to prove all the incidental facts revealed therein, but merely to prove the corpus delicti. The corpus delicti, of course, must be established by independent evidence aside from the admissions of the defendant. *Jackson, etc.* v. *State* (1958), 238 Ind. 365, 151 N. E. 2d 141. It is not necessary that the corpus delicti be established beyond a reasonable doubt to make a confession admissible or to corroborate it. It may be shown by circumstantial evidence.

We have said in *Brown* v. *State* (1958), 239 Ind. 184, 191, 154 N. E. 2d 720, 722:

"In other words, the independent evidence must be of such a character that reasonable inferences may be drawn to support a conclusion that a crime of the nature and character charged has been committed by someone."

For example, the proof of a dead body alone does not prove the corpus deliciti in a homicide case, but an identified body with marks of violence thereon, or surrounding circumstances which would indicate that the deceased did not die from natural causes, establishes prima facie that a homicide has been committed or, in short, the corpus delicti. A confession thereupon becomes admissible.

In this case, without question, the corpus delicti was established by the testimony of the police officer in-

vestigating the break-in at 3220 Lockburn Street. It was shown that articles found in a place of human habitation were taken, namely, a wedding ring, bottles of beer, and some money. We may further state that the appellant has offered no citation of authorities from this jurisdiction in support of his contention that the confession must be corroborated in all details and not merely by proof of the corpus delicti.

The judgment is affirmed.

Myers, C. J., Landis and Achor, JJ., concur; Jackson, J., dissents with opinion.

### DISSENTING OPINION

JACKSON, J.—The question before this Court is whether the trial court erred in overruling the appellant's motion for a new trial.

The appellant alleged, as the basis for a new trial, that the judgment of the court was contrary to law because there was not sufficient corroborative evidence to warrant his conviction, and that the judgment of the court was not sustained by sufficient evidence because the State failed to prove that the place alleged to have been burglarized was a place of human habitation. Acts 1905, ch. 169, §239, p. 584, being §9-1607, Burns' 1956 Replacement, provides that a confession made under inducement is not sufficient to warrant a conviction without corroborating evidence. The evidence in the record before us indicates that the accused was told by one officer that certain charges would not be pressed and by another officer that he would recommend that certain charges against him be dropped. Therefore, if there is not sufficient corroborative evidence in the record to establish the corpus delicti, and more specifically, that the place said

to be burglarized was a "dwelling house or other place of human habitation" this Court must find that the trial court erred in not sustaining the motion for a new trial.

The majority opinion has admitted that the corpus delicti must be established by evidence independent of the confession of the accused, and while it is true that this corroborative evidence need not of itself be sufficient to justify the conviction of an accused, it must to some degree of certainty establish that a crime has been committed so that coupled with the confession, the guilt of the accused is shown beyond a reasonable doubt.

In the case at bar Robert Huhn, whose home is the one allegedly burglarized, and who allegedly lived at 3220 Lockburn Street testified as a witness for the State of Indiana that "he resided at 322 North Vernon, in Marion County" at the time of the alleged offense. All the evidence adduced was as to the burglary of 3220 Lockburn Street.

Therefore, because the uncontradicted evidence shows that Mr. Huhn did not live at 3220 Lockburn Street, but at "322 North Vernon in Marion County" there is no conflict of evidence to be resolved, there is a complete and total failure of proof of an essential fact, and a failure to prove the corpus delicti, after the admission of the confession in evidence over objection, constitutes reversible error.

The cause should be reversed and remanded with instructions to sustain appellant's motion for a new trial.

NOTE.—Reported in 190 N. E. 2d 660.