### HARDIN *v.* STATE OF INDIANA.

[No. 30,422. Filed October 5, 1964. Rehearing denied November 18, 1964.]

M. *Walter Bell,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General and *David S. Wedding,* Deputy Attorney General, for appellee.

LANDIS, J.—Appellant was charged by affidavit in three (3) counts with: (1) robbery, (2) grand larceny, and (3) automobile banditry. After a trial by jury appellant was convicted of grand larceny and automobile banditry and was fined in the sum of $500.00 and sentenced for a term of one (1) to ten (10) years in the Indiana State Prison. This appeal followed the overruling of his motion for new trial.

Appellant first contends the jury's verdict is not sustained by sufficient evidence.

The evidence favorable to the state is that Frank Ebner, an employee of the Marion County Treasurer's office, on February 2, 1962, at about 9 a.m. was walking in the city of Indianapolis to the bank to deposit certain checks and cash receipts from the treasurer's office when he was accosted by two men. Ebner testified one of the two men jerked the black grip, which contained the money and checks, out of his hand and that as he was pulled around by the force of the jerk he saw two men running down the parking lot toward Virginia Avenue.

Larry Storms, a parking lot attendant, stated that on February 2, 1962, at about 9 a.m. he saw appellant and another man run through the parking lot (the same lot the witness Ebner saw the men running through), and that appellant was carrying a black bag under his coat. He identified appellant in the court room as the man running through the parking lot with the bag. He also testified they ran down the alley, got into a car and drove away.

Rosie McDuff testified she saw appellant at her house on February 2, 1962, with what appeared to be a bag under his arm. She further stated that when appellant saw the police coming, gave her money that was bound with a rubber band.

There was further evidence from officer Davenport as to appellant's oral confession of the crime wherein appellant allegedly stated that George Sneed and Bad Foot Stanley (Rutland) participated with him in the robbery of Frank Ebner of February 2, 1962; that it was not appellant's idea to commit the robbery but that he was more or less called in to help; that Rosie McDuff didn't have anything to do with it but that she was not telling all the truth as she knew they divided

that money out at her house because they gave her $10.00 apiece and the bag and checks were burned out at her house. When questioned as to who snatched the bag, appellant stated Sneed was with the car and that he (appellant) snatched the bag, that (Stanley) Rutland was with him and they cut back through the lot toward the car in which they proceeded by devious route to Rosie McDuff's place where they divided the money and split up.

Appellant has contended that the evidence is insufficient as it failed to show that he had the exclusive possession of the stolen property. While this may be an element of circumstantial evidence cases, it is not here applicable as the instant case was not predicated solely on circumstantial evidence. The testimony of witness Storms only moments after the crime was committed was to the effect he saw appellant running through the parking lot with a black bag, and such evidence is further supported by appellant's uncontradicted confession. It appears therefore that the fact circumstantial evidence was relied upon to establish appellant's possession of the stolen goods is not here a decisive matter, as appellant's guilt was shown by his own confession, which was direct evidence. *Evans* v. *State* (1927), 199 Ind. 55, 63, 155 N. E. 203, 205.

There is further no showing in this case that the confession was made under inducement, but even if such showing had been made it would not avail appellant as there was sufficient proof of the corpus delicti to sustain such a confession (i.e., a showing that a crime of the nature and character of that charged had been committed by someone). See: *Holding* v. *State* (1963), 244 Ind. 75, 78, 190 N. E. 2d 660, 662.

Appellant contends the evidence is further insuffi-

cient as it appears from the State's evidence that appellant could not drive an automobile. This contention could not of course affect appellant's sentence of one to ten years on the grand larceny charge as such conviction is not dependent upon the allegation as to an automobile and there was no additional sentence for auto banditry here imposed. However, neither is the contention meritorious as to the conviction for auto banditry in this case as an accessory to auto banditry could not be made dependent upon his ability to act as a principal and to operate a motor vehicle. See: Burns' §9-102 (1956 Repl.), Acts 1905, ch. 169, §224, p. 584; *Ard* v. *State* (1958), 238 Ind. 222, 225, 149 N. E. 2d 825, 827; *McCoy et al.* v. *State* (1958), 237 Ind. 654, 658, 148 N. E. 2d 190, 192.

Appellant has further contended the court erred in overruling the motion for a directed verdict at the close of all the evidence but this contention is refuted by the foregoing discussion showing the verdict for appellee to be sustained by sufficient evidence. There was no total absence of evidence upon some essential issue required to support appellant's conviction, nor is this a case where there is no conflict in the evidence and it is susceptible of but one inference which is in favor of the accused. See: *State* v. *Patsel* (1960), 240 Ind. 240, 245, 163 N. E. 2d 602, 604; *State* v. *Torphy* (1940), 217 Ind. 383, 388, 28 N. E. 2d 70, 72; *State* v. *Kubiak* (1936), 210 Ind. 479, 480, 4 N. E. 2d 193.

Appellant has contended the court erred in refusing to give two instructions tendered by appellant upon the subject of circumstantial evidence. The subject of these instructions however, was substantially covered by the court's instruction No. 34, and therefore no error was committed by the court. *Jones* v. *State* (1964), 244 Ind. 682, 690, 195 N. E. 2d

460, 464; *Warren* v. *State* (1963), 243 Ind. 508, 519, 188 N. E. 2d 108, 113.

Judgment affirmed.

Achor, C. J., and Arterburn and Myers, JJ., concur; Jackson, J., concurs in result.

## ON PETITION FOR REHEARING

LANDIS, J.—Appellant has filed petition for rehearing attempting to raise for the first time certain constitutional questions not heretofore raised on this appeal. Appellant has given no reason to excuse his failure seasonably to present such questions, and it is well settled that an appellant may not sit idly by and await the outcome of an appeal before presenting questions on rehearing which should have been previously presented to this Court for decision. See: *Kilgallen* v. *State* (1922), 192 Ind. 531, 546, 137 N. E. 178.

Appellant's petition for rehearing is further insufficient to present any issue for decision as no arguments are advanced by brief or otherwise to indicate how or in what respect the alleged constitutional provisions in question were violated. Petition for rehearing denied.

Achor, C. J., and Arterburn, Jackson and Myers, JJ., concur.

NOTE.—Reported in 201 N. E. 2d 333. Rehearing denied 202 N. E. 2d 164.