**Kinnie McGRAW, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

**No. 49S02–8710–CR–1016.**

Supreme Court of Indiana.

Oct. 29, 1987.

George K. Shields, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

This cause comes to us on a petition to transfer from the Fourth District Court of Appeals. Transfer is sought by Appellee State of Indiana, claiming the Court of Appeals erred in finding the evidence insufficient to convict McGraw of robbery. The State contends the Court of Appeals improperly reweighed the evidence considered by the trial court. We agree and accordingly grant transfer and vacate the Court of Appeals opinion in its holding on the robbery conviction.

McGraw has also filed a petition to transfer claiming the Court of Appeals erred in finding the evidence sufficient to convict him of theft and escape. We find the Court of Appeals properly resolved those issues and accordingly affirm the Court of Appeals and adopt its opinion in its resolution of the issues of theft and escape.

The evidence presented at trial showed that on October 5, 1985, Indianapolis Police Officer Charles Coldman was aware of an outstanding warrant for the arrest of Kinnie McGraw for driving on a suspended license. Officer Coldman, upon observing McGraw washing his car in front of a residence, left his police vehicle, approached McGraw, and informed McGraw he was under arrest. McGraw attempted to run away but the officer caught him and was able to place his handcuffs on one of McGraw's hands despite McGraw's resistance.

McGraw continued to resist while the officer attempted to place him in his police vehicle. When McGraw attempted to prevent the officer from using his radio to call for help, the officer told McGraw not to touch the radio. However, when Officer Coldman released his hold on McGraw to open the car door, McGraw tore the radio away from the officer and ran away again. The officer caught up with McGraw and they again struggled. McGraw eventually threw the officer over his shoulder. McGraw then ran back across the street and started searching the ground, picking up his hat and searching again until he picked up the officer's handgun.

The officer testified he had not noticed his gun was missing until McGraw "flipped" him. Officer Coldman testified he was running toward McGraw to again apprehend him when he saw McGraw pick up the gun, step back and adjust the gun in his hand so that the gun was pointing in the direction of Officer Coldman and angled toward the ground. The officer stopped about five feet from McGraw when

he saw the gun pointed at him. He was asked on direct examination:

"Q. And how was he holding your gun?

A. As I said, he was adjusting his grip on it. He · eventually got it to where he had his finger on the trigger and was holding it in a normal position as you would hold it if you were going to shoot it.

Q. Okay. And where was the gun pointed at?

A. At that time it was pointed and angled down to the ground."

The officer further testified that McGraw was saying something in a threatening tone, although he could not understand the exact words. At this point, the men heard the sirens of approaching police cars and McGraw turned and ran, taking with him the officer's gun, radio and handcuffs.

▆ The statute under which McGraw was charged provides:

A person who knowingly or intentionally takes property from another person or from the presence of another person:

(a) by using or threatening the use of force on any person; or

(b) by putting any person in fear; commits robbery, a Class C felony. However, the offense is a Class B felony if it is committed while armed with a deadly weapon or results in bodily injury to any person other than a defendant, and a Class A felony if it results in serious bodily injury to any person other than a defendant.

Ind.Code Ann. § 35–42–5–1 (Burns 1985).

Where an appellant and two other prisoners overpowered police officers, took their guns and escaped, the appellant's contention that he did not intend to commit robbery by taking another officer's gun but intended only to escape, was without substance. *Ard v. State* (1958), 238 Ind. 222, 224, 149 N.E.2d 825, 827. This Court unanimously held that while the evidence does show a preconceived plan of escape, the fact of an escape does not "refute the evidence of robbery in the record which stands uncontradicted, the robbery appearing to have been committed by Appellant

and the other two prisoners in taking the officers' guns by force and putting in fear so as to make good their plan of escape." *Ard*, 238 Ind. at 225, 149 N.E.2d at 827. Similarly, where a defendant in his effort to escape struck a sheriff across the eyes with the chain of the handcuffs, then shot the sheriff with the sheriff's gun and was later apprehended carrying the sheriff's gun, the evidence was sufficient to sustain a conviction for robbery and of inflicting physical injury while engaged in the commission of a robbery. *Prophet v. State* (1960), 241 Ind. 57, 63, 168 N.E.2d 189, 192.

The Court of Appeals found that the nexus between the taking of the property and the violence or intimidation used in furtherance of the taking has not been established and further there was insufficient evidence to support the conclusion McGraw used or threatened to use force or put Officer Coldman in fear. These findings are contrary to the direct and clear evidence presented at trial.

Since McGraw broke loose and attempted to run on several occasions, the altercation covered more than the immediate spot of confrontation. McGraw took the officer's radio by yanking it off the officer's belt to prevent the officer from obtaining aid in arresting him. The gun fell from the officer's holster during his struggle with McGraw. McGraw became aware the officer had lost his gun before the officer did. After the officer recovered from being thrown over McGraw's shoulders, and attempted to again apprehend McGraw at the scene where the gun had been dropped, McGraw directly threatened the officer with the gun, forcing Officer Coldman to stop his pursuit some five feet from McGraw. These facts justify a finding that the gun was taken from Officer Coldman with the threat of use of force. "Any threat of force conveyed by word or gesture will suffice." *Maul v. State* (1984), Ind., 467 N.E.2d 1197, 1200. The fact that after McGraw gestured with the gun, the officer stood his ground and permitted McGraw to flee with his property establishes that the property was taken by placing the officer in fear. *Wash v. State* (1980), Ind.App., 408 N.E.2d 634, 637. All ele-

ments of robbery were sufficiently proved to support the conviction.

 In view of our holding, one other issue needs to be addressed. McGraw and the State agree theft is an included offense of robbery. McGraw cannot be convicted and sentenced for both. *See Webster v. State* (1978), 270 Ind. 145, 149, 383 N.E.2d 328, 331. The conviction and sentence for theft must therefore be vacated.

This cause is remanded to the trial court with instructions to vacate the conviction and sentence for theft. The trial court is in all other respects affirmed.

DeBRULER, GIVAN and DICKSON, JJ., concur.

SHEPARD, C.J., dissents and would affirm the Court of Appeals.