Antoine C. CRONEY, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S00–8804–CR–398.

Supreme Court of Indiana.

May 3, 1989.

Howard Howe, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

Appellant was tried by the court without a jury and found guilty of two counts of Robbery, Class B felonies, and one count of Theft, a Class D felony. He received sentences of twelve (12) years each on the robbery convictions and two (2) years on the theft conviction, the sentences to run concurrently.

The facts are: At approximately 10:30 p.m. on June 6, 1987, Allen Hall was driving a 1979 Buick on New Jersey Street in Indianapolis. He was accompanied by David Berryhill. Because of the narrowness of the street, they pulled to the side to allow another car to pass. At that time, Berryhill saw appellant, whom he knew from school. Appellant and another man identified as Scooter offered to sell marijuana to Berryhill and Hall; they refused. Scooter then approached the driver's side of the car with a pistol and told Hall to "give up your money." Scooter then told Hall to turn his car off and to leave the keys in the ignition. Berryhill stated to appellant "Hey, man, what's going on?" Appellant replied: "Yeah, you gotta give it up too." The two victims were forced to give up their wallets. The victims were then ordered out of the car. Appellant opened the passenger door and searched Berryhill when he exited the car. Berryhill asked appellant, "Why you robbing me, you know I know you?" Appellant did not reply. Scooter took the two victims to the rear of the car and forced them to walk away. Appellant got into the car and drove it away.

■ Appellant claims the trial court erred in convicting and sentencing him on both Count I, Robbery, and Count III, Theft in that both counts concerned the robbery of Hall. He correctly takes the position that theft is an included offense of robbery. The State waives argument on this issue, citing *McGraw v. State* (1987), Ind., 514 N.E.2d 621, which holds that theft being an included offense of robbery, the theft conviction must be vacated once the robbery conviction is sustained by the evidence. We will therefore remand this case for correction of the sentence.

■ Appellant claims the trial court erred in that there was not sufficient evidence to sustain his convictions. It is appellant's position that the evidence clearly shows that Scooter was the one with the gun, that there is no evidence that he possessed a gun, and no evidence that he was more than just a person at the scene of the crime. However, the evidence as above recited clearly shows that although Scooter was the one with the weapon, appellant aided in the perpetration of the robbery. We have repeatedly said that a judgment will be affirmed if there is substantial evidence of probative value which would permit the trier of fact to find beyond a rea-

sonable doubt that each element of the crime charged has been committed. *Taylor v. State* (1987), Ind., 514 N.E.2d 290.

Indiana Code § 35–41–2–4 provides that a person who knowingly or intentionally aids another person in the commission of an offense commits that offense. The evidence is sufficient in this case to establish that appellant was guilty of robbing both Berryhill and Hall.

 Inasmuch as the crime of theft is an included offense of robbery, this cause is remanded to the trial court with instructions to expunge the conviction on the theft charge. In all other things the trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.