## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 12 2020, 9:02 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David L. Joley
Fort Wayne, Indiana

ATTORNEY FOR APPELLEE

Tina L. Mann
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Tameika A. Boyd,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | June 12, 2020<br><br>Court of Appeals Case No.<br>20A-CR-53<br><br>Appeal from the Allen Superior Court<br><br>The Honorable Frances C. Gull, Judge<br><br>Trial Court Cause No.<br>02D05-1903-F5-92 |

**Bailey, Judge.**

# Case Summary

[1] Tameika Boyd ("Boyd") appeals her conviction for Battery, as a Level 5 felony.[1] We affirm.

# Issues

[2] Boyd presents two issues for review:

    I.    Whether the trial court misapplied the law, thereby relieving the State of its burden to negate an element of Boyd's claim of self-defense; and

    II.    Whether the State presented sufficient evidence to negate Boyd's claim that she acted in self-defense.

# Facts and Procedural History

[3] During the early morning hours of March 23, 2019, Tony Gordon ("Gordon") called 9-1-1 to report that his wife[2] had cut him, and he was bleeding and in need of assistance. Fort Wayne Police Officer Jeremy Shelley ("Officer Shelley") responded to the call. He found Gordon holding a towel to his ear and bleeding heavily. Gordon stated to Officer Shelley that Boyd had "hit him over the head" after he "tried to jump on her several times [and] tried to fight

---

[1] Ind. Code § 35-42-2-1(g)(2).

[2] Although Gordon used the reference "wife," he testified at trial that Boyd was his fiancée and they shared a child.

her." (Tr. Vol. II, pg. 26.)  Officers Everett White and Zac Chapman also responded to the 9-1-1 call and interviewed Boyd.  She was attempting to remove a glass shard from her thumb but complained of no other physical injuries.  Boyd stated that Gordon had been "about to attack her," so she hit him with a wine glass.  *Id.* at 42.  She clarified that Gordon "never laid hands on her," that "nothing physical had occurred," and that she was not injured by him.  *Id.* at 43.

[4]     Boyd was arrested and, on March 28, 2019, she was charged with Battery, elevated to a Level 5 felony due to the use of a deadly weapon.  A bench trial was conducted on November 8, 2019, at which Gordon testified and claimed that he had choked Boyd and she had used an object to "get [him] off of her." *Id.* at 15.  The responding officers and emergency medical personnel testified and denied observing an injury to Boyd apart from the thumb cut.  The officers denied that choking was reported during initial interviews.  The trial court convicted Boyd as charged, stating:

> The Court would find beyond a reasonable doubt that the State
> has proven each element of the charged crime and find you guilty
> of battery as a Level 5 felony, as I find no credible evidence has
> been presented regarding self-defense.

*Id.* at 74.

[5]     On December 20, 2019, the trial court sentenced Boyd to two years imprisonment, which is one year below the advisory sentence for a Level 5

felony.[3]  In so doing, the court found Boyd's criminal history to be aggravating[4]

and hardship to her dependents to be mitigating.  Boyd now appeals.

# Discussion and Decision

## State's Burden to Disprove Self-Defense Claim

[6] A valid claim of self-defense is legal justification for what would otherwise be a

criminal act.  *Mayes v. State*, 744 N.E.2d 390, 393 (Ind. 2001).  Indiana Code

Section 35-41-3-2(c) defines self-defense, providing in relevant part:

> A person is justified in using reasonable force against any other person to protect the person or a third person from what the person reasonably believes to be the imminent use of unlawful force.  However, a person:
>
> (1) is justified in using deadly force; and
>
> (2) does not have a duty to retreat;

---

[3] I. C. § 35-50-2-6 provides for a sentence of between one to six years, with three years being the advisory sentence.

[4] As an adult, Boyd had been convicted in 2004 of one Class A misdemeanor and one Class B misdemeanor. The presentence investigation report listed a juvenile adjudication from the State of Illinois, indicating that Boyd had been found to have committed an offense that would have been Aggravated Battery, if committed by an adult.  Boyd disputed this juvenile history, but the matter of verification was not resolved by the time of sentencing.  Boyd's attorney brought the dispute to the attention of the trial court and the prosecuting attorney responded:  "Cook County is not good at getting back with people." (Tr. Vol. II, pg. 79.)  At the sentencing hearing, the trial court acknowledged that Boyd disputed the juvenile history, but added:  "it is contained within the information provided to the Probation Department, and having lived in Chicago, Illinois, it is – I have no reason to dispute that that is, in fact, a true adjudication where you were found delinquent."  *Id.* at 88.  We find this acceptance of lack of verification to be particularly troubling but observe that Boyd received a sentence of less than the advisory sentence.

if the person reasonably believes that that force is necessary to prevent serious bodily injury to the person or a third person or the commission of a forcible felony.

[7] Our Indiana Supreme Court has explained the defendant's and the State's respective burdens of proof:

> In order to prevail on such a claim, the defendant must show that he: (1) was in a place where he had a right to be; (2) did not provoke, instigate, or participate willingly in the violence; and (3) had a reasonable fear of death or great bodily harm. *McEwen v. State*, 695 N.E.2d 79, 90 (Ind. 1998). When a claim of self-defense is raised and finds support in the evidence, the State has the burden of negating at least one of the necessary elements. *Id.*

*Wilson v. State*, 770 N.E.2d 799, 800-01 (Ind. 2002). The State may meet its burden by rebutting the defense directly, by affirmatively showing the defendant did not act in self-defense, or by relying on the sufficiency of the case-in chief. *Miller v. State*, 720 N.E.2d 696, 700 (Ind. 1999). Whether the State has met its burden is a question for the trier of fact. *Id.*

[8] According to Boyd, the trial court's words: "no credible evidence has been presented regarding self-defense," App. Vol. II, pg. 74, indicates that the trial court did not comprehend the State's burden to negate Boyd's claim. Boyd directs our attention to *Miller v. State*, 77 N.E.3d 1196, 1197 (2017), recognizing that remand for reconsideration is the appropriate remedy where "the trial court failed to apply the applicable legal standard to existing evidence." *Miller* does not afford Boyd the relief she seeks. There, in light of the trial court's "detailed findings explaining its thought processes," it was "apparent the trial court as

fact finder applied the incorrect standard of a 'knowing' mens rea rather than 'specific intent to kill' in deciding to convict Miller of attempted murder." *Miller v. State*, 72 N.E.3d 502, 515-18 (Ind. Ct. App. 2017), *trans. granted*, *aff'd in part and rev'd in part*. In a bench trial, we presume that the judge knows and will follow the applicable law. *Leggs v. State*, 966 N.E.2d 204, 208 (Ind. Ct. App. 2012). Here, the trial court made no explicit statement contravening the applicable legal standard, as was the case in *Miller*. Boyd has not demonstrated that the trial judge misapprehended or misapplied the law of self-defense.

## Sufficiency of the Evidence

[9] Boyd concedes that she struck Gordon in the head with a wine glass, cutting him. However, she argues that the State failed to present sufficient evidence to negate her claim of self-defense. The State contends that it presented sufficient evidence to negate the element of a reasonable belief that force was necessary to prevent serious bodily injury. The standard for reviewing a challenge to the sufficiency of evidence to rebut a claim of self-defense is the same standard used for any claim of insufficient evidence. *Wilson*, 770 N.E.2d at 801. We neither reweigh the evidence nor judge the credibility of witnesses. *Id.* If a defendant is convicted despite his claim of self-defense, this Court will reverse only if no reasonable person could say that self-defense was negated by the State beyond a reasonable doubt. *Taylor v. State*, 710 N.E.2d 921, 924 (Ind. 1999).

[10] "A defendant acts in self-defense when confronted with 'real danger of death or great bodily harm, or in such apparent danger as caused him, in good faith, to

fear death or great bodily harm. The danger need not be actual, but the belief must be in good faith and the reaction must be reasonable.'" *Brantley v. State*, 91 N.E.3d 566, 573 (2018) (quoting *Franklin v. State*, 266 Ind. 540, 544, 364 N.E.2d 1019, 1021 (1977)). Officer Shelley testified that he observed no redness or bruising on Boyd, and that the only injury she reported was glass embedded in her thumb. Officer Chapman testified that he had interviewed Boyd and her teenaged daughter. Boyd's daughter did not report an injury to her mother. Boyd stated to Officer Chapman that she had engaged in a verbal argument with Gordon, but he "never laid hands on her, nothing physical occurred," and Boyd was "not injured." (Tr. Vol. II, pg. 43.) Emergency medical technician Marah Bradbury testified that she did not detect any injury to Boyd apart from the thumb injury. From this evidence, a "reasonable person could say that self-defense was negated by the State beyond a reasonable doubt." *See Taylor*, 710 N.E.2d at 924. Reversal is not warranted.

# Conclusion

Boyd has not shown that the trial court misapplied the law to the evidence. Sufficient evidence supports Boyd's conviction.

Affirmed.

Crone, J., and Altice, J., concur.