## PARKER *v.* STATE OF INDIANA

[No. 28,472. Filed November 16, 1949. Rehearing denied January 4, 1950.]

2

*N. George Nasser* and *Winfield M. Fox,* both of Terre Haute; and *Craig & Craig* (of counsel), of Brazil, for appellant.

*J. Emmett McManamon,* Attorney General, *Merl M. Wall,* Deputy Attorney General, *John R. Jett,* Prosecuting Attorney, and *Thomas P. Gallagher,* Deputy Prosecuting Attorney, for appellee.

YOUNG, J.—The appellant was charged by indictment in four counts with first degree murder. He was tried before a jury, which returned a verdict of murder in the second degree and he was sentenced to serve a life term in the Indiana State Prison. He urges on appeal to this court, among other grounds for reversal,

that the evidence was not sufficient to sustain the verdict and that there was error in admitting a written confession which he contends was obtained by physical mistreatment and persistent questioning over a period of several days.

On April 7, 1943, Lillian Johnson disappeared from the home which she owned in Terre Haute, Indiana, where she and appellant had been living together for about two years. Accepting the testimony most favorable to the State, as we must, it may be said that she has never been seen again, although there were witnesses who testified they had seen her in Indianapolis with appellant after she is said to have disappeared from Terre Haute, and appellant's daughters testified they visited her for two weeks at her home in Terre Haute in June, 1943. She and appellant were together on the date of her disappearance and subsequently appellant removed household goods from her home and wrote a letter in her name to a daughter of Mrs. Johnson in Terre Haute. There was also a telegram to Mrs. Johnson's employer, which was received on April 11, four days after Mrs. Johnson's disappearance, which read, "Have decided to go to Laramie, Wyoming. Will send for clothes later. Sorry Lillian." The author of this telegram was not identified other than by its signature, and the Western Union records had been destroyed.

Appellant likewise disappeared from Terre Haute on or about April 7, 1943, and for a time thereafter worked in Indianapolis, and later served a term in Federal prison and then reappeared in Terre Haute in September, 1947. On September 18, 1947, he was arrested for alleged assault upon a girl and was taken to the police station, where he was questioned. The

charge upon which he was arrested does not seem to have materialized, but the police continued to hold him and question him about his relations with Mrs. Johnson and her disappearance. As a result of this questioning, he signed a written confession on September 20, 1947, in which he admitted the killing of Mrs. Johnson. The police checked the details of this confession and reached the conclusion that he had not told the truth and proceeded to question him further and, on September 22, 1947, he signed another confession in which he told in detail how he killed Mrs. Johnson and that he had dismembered her body and disposed of parts in three different places. The police found a skull and the upper part of a skeleton near the place designated by appellant. The flesh and tendons had entirely disappeared and only bare bones were found at the places where appellant said he had disposed of the other parts of the body. There was absolutely no evidence of any probative value to identify the bones found as part of the skeleton of Mrs. Johnson, except as stated by appellant in his confession, and there was no direct evidence of Mrs. Johnson's death, except as stated in the confessions. Appellant repudiated his confessions and claimed he had signed them as a result of threats and violence and prolonged questioning by the police without rest. The police denied all threats and violence, but admitted frequent questioning, and that they had taken appellant from the jail to the different places appellant had said he had buried parts of the body of Mrs. Johnson. After hearing evidence of the circumstances under which the confessions were obtained, the court admitted them and this is urged as error.

Appellant's counsel contend that there was insufficient evidence to sustain the verdict because, among

other things, there was no evidence of the *corpus delicti*, except as contained in the confession, and in this connection they urge also that without independent proof of the *corpus delicti* a confession is not admissible and is not sufficient to sustain a verdict. As we view the case these are the only questions we need consider. Proof of the *"corpus delicti"* means proof that the specific crime charged has actually been committed by someone. *Hawkins* v. *State* (1941), 219 Ind. 116, 129, 37 N. E. 2d 79; *Hunt* v. *State* (1939), 216 Ind. 171, 178, 23 N. E. 2d 681; 1 *Wharton's Criminal Law* (12th Ed.), § 347, p. 450; 14 Am. Jur., Criminal Law, § 6, p. 58; 23 C. J. S., Criminal Law, § 916, p. 181.

The rule seems to be well established generally that an extra-judicial confession will not be admitted in evidence and a conviction will not be upheld until and unless the *corpus delicti* has been established by clear proof independent of the confession. *Gaines* v. *State* (1921), 191 Ind. 262, 268, 269, 132 N. E. 580; *Hunt* v. *State, supra; Messel* v. *State* (1911), 176 Ind. 214, 219, 95 N. E. 565; *Griffiths* v. *State* (1904), 163 Ind. 555, 558, 559, 72 N. E. 563; 1 *Wharton's Criminal Law* (12th Ed.), §§ 359, 360; 20 Am. Jur., Evidence, § 484; 22 C. J. S., Criminal Law, § 839, pp. 1471-2; 23 C. J. S., Criminal Law, § 916b, p. 183; *Underhill's Criminal Evidence* (4th Ed.), § 36; Anno., 127 A. L. R., 1130, 1134.

In *Wharton's Criminal Law, supra,* it is said:

"Where a person is charged with the commission of a particular crime, before he can be found guilty thereof, it is essential that the existence of the *corpus delicti* be established, which cannot be done by mere extrajudicial confession of the accused; it must be done by direct and positive proof *aliunde,* and beyond a reasonable doubt. Facts ascertained by reason of the confession may

be used for the purpose of establishing the *corpus delicti;* but this will not dispose of the rule requiring that the *corpus delicti* must be proved independently of the confession, and beyond a reasonable doubt, before evidence of the confession is admissible." (§ 359.)

In *Gaines* v. *State, supra,* the force of a confession not made in open court before the *corpus delicti* had been proved was under discussion, and this court said:

"A naked confession is one which is not corroborated by independent proof of the *corpus delicti.* Upon such a confession made in open court, as, for example, by a plea of guilty, a conviction of any crime and sentence may be had. But in the case of all extrajudicial confessions it is the rule that the *corpus delicti* must be proved by additional evidence before a conviction upon the naked confession alone will be upheld. Underhill, Criminal Evidence (2d ed.) § 147.

"In Gillet, *Indirect and Collateral Evidence,* § 117, it is stated that: 'In the United States the doctrine is thoroughly established that an extrajudicial confession will not be received as plenary evidence, and further, that there must be also proof in such cases of the corpus delicti.' (Citing many cases.)"

In reversing the case, this court said:

". . . If the 'confession' of the appellant is eliminated from the evidence there is no evidence at all tending to show that any burglary was committed. The verdict is therefore not supported by the evidence, in one of the essential elements of the offense and is not according to law."

In Indiana the independent evidence alone need not be sufficient to establish the *corpus delicti* beyond a reasonable doubt, but there must be some evidence of probative value aside from the confession to prove that the crime charged was committed. When there is some independent evidence

tending to prove that the crime charged has been committed by someone the confession may be considered with the independent corroborating facts in determining whether the *corpus delicti* has been established beyond a reasonable doubt. *Griffiths* v. *State, supra; Messel* v. *State, supra; Hunt* v. *State, supra.*

In *Griffiths* v. *State, supra,* this court said at p. 558:

". . . We are mindful of the rule that the extra-judicial confession of a defendant is not alone sufficient to make out the *corpus delicti,* and that as applied to a prosecution for larceny it is required that there must be proof of the commission of the particular larceny charged. We deny, however, that such is the operation of the rule that the confession of the defendant can not in any case be used to accelerate the force or inferences concerning the fact of ownership, or that his confession can not be considered, along with the proper corroborative evidence, in determining whether the fact of the commission of the crime charged has been made out.

In *Messel* v. *State, supra,* this court said, at p. 219:

"The extra-judicial confession of the defendant alone is not sufficient to prove the *corpus delicti;* but such confession may be considered with independent corroborative facts, not of themselves sufficient to prove the *corpus delicti* beyond a reasonable doubt, to prove that the offense was committed. . . . (citing authorities.)"

However, it seems established over the years that the corroboration required is not of incidental facts stated in the confession but that the offense charged had been committed. In *Underhill's Criminal Evidence* (4th Ed.), § 36, p. 43, this subject is covered in the following language:

". . . The 'corroboration' of a confession or admission which is required in order to prove the *corpus delicti* refers not merely to facts proving

the confession but to facts concerning the *corpus delicti,* or evidence independent of the confession. The corroboration of a confession does not necessarily prove the *corpus delicti.*"

This view of the matter is confirmed in the quotation from *Gaines* v. *State, supra,* which we have set out earlier in this opinion. There *Gillett on Indirect and Collateral Evidence* is quoted with approval to the effect that in this country it is thoroughly established that an extrajudicial confession will not be received as plenary evidence, but that there must also be independent proof in such cases of the *corpus delicti.* In the Gaines case, this court indicated that if it eliminated the confession there was no evidence of the *corpus delicti* and the verdict, therefore, was not supported by evidence of one of the essential elements of the offense and was contrary to law. We think this is sound and that, in the light of many cases and many texts, it means that it is not sufficient that a fact stated in the confession is corroborated, such as the statement in the confession in this case that he buried the body of Mrs. Johnson at a certain place, but it is necessary to show independently of the confession that Mrs. Johnson was murdered.

In *People* v. *Ranney* (1908), 153 Mich. 293, 116 N. W. 999, 1,000, corroboration of the *corpus delicti* was involved and the following is quoted from the syllabus in that case:

"The word 'corroborate' in the rule that the confession of the accused, establishing the *corpus delicti,* must be corroborated, refers to facts which concern the *corpus delicti,* and does not mean merely tending to produce confidence in the truth of the confession."

In *People* v. *Cuozzo* (1944), 292 N. Y. 85, 54 N. E. 2d 20, the defendant had made a confession that he

killed a girl by knocking her unconscious and then placing her body upon the railroad tracks. Her mangled body was found alongside the tracks described by defendant in his confession, and there were other facts in his confession which were corroborated. The court held, however, that this was not sufficient corroboration to establish the *corpus delicti* independently of the confession. It was pointed out that there was no independent evidence that the girl had not been struck accidentally by the train when walking along the track. Other evidence corroborating incidental facts contained in the confession also were pointed out. It was said, however, that finding the body was not proof of a homicidal killing and that corroboration of the other facts enumerated in the confession, would go only to the weight to be given the confession.

In the case before us, the finding of a part of the skeleton, even though not at the exact place described in the confession, might go to the weight to be given the confession, if and when it was offered in evidence, but it would not amount to substantial evidence that Mrs. Johnson had been murdered. The only evidence that Mrs. Johnson had been killed, outside the confession, was that bones and a skull were found and that she had disappeared. There was absolutely no evidence of any probative value that the bones or skull were hers. The coroner did no more than testify that the bones were those of a female and a professor of physical anthropology of Indiana University testified as a witness for the State that there was no conclusive evidence of the cause of the death of the person whose bones were found, but that in his opinion they were the bones of a female between 47 and 65 years of age, and that they had been buried for more than two years but not more than 25 or 30 years. The State says that the facts that there was evidence that the

appellant took property out of Mrs. Johnson's home after she disappeared and that he wrote a letter to the daughter of Mrs. Johnson after Mrs. Johnson had disappeared, and signed Mrs. Johnson's name to it, were corroborative of his confession that he killed Mrs. Johnson. This evidence might serve to corroborate facts found in appellant's admissions and confessions and go to its weight but it fails to prove independently of the admissions and confessions that the skeleton and skull were those of Mrs. Johnson.

We hold that there was no evidence of the *corpus delicti* in this case of any probative force, except the confessions and admissions of the accused, and, therefore, the evidence was insufficient and the case must be reversed.

In view of our conclusion, it is not necessary to determine whether there was error in admitting the confession, or in other respects urged by appellant.

The judgment is reversed, with instructions to sustain appellant's motion for a new trial.

NOTE.—Reported in 88 N. E. 2d 556.

## ON PETITION FOR REHEARING

YOUNG, J.—We have given careful thought to the State's petition for a rehearing in this case, but still do not believe the verdict of guilty can be affirmed. We do find, however, two respects wherein our opinion should perhaps be clarified.

We said that an extrajudicial confession will not be admitted in evidence and a conviction will not be upheld until and unless the *corpus delicti* has been established by clear proof, independent of the confession. In support of this, we cited, among other authorities, 1 *Wharton's Criminal Law.*

(12th Ed.), §§ 359, 360, and we quoted a passage from *Wharton's,* in which it was stated that the existence of the *corpus delicti* must be established by *direct* and positive proof beyond a reasonable doubt independent of the confession. Later we made it clear that the independent corroborative evidence need *not* establish the *corpus delicti* beyond a reasonable doubt. We failed to say, however, that the independent, corroborative evidence could be circumstantial, which the use of the word *direct* in the quotation from *Wharton's* seemed to negative. As a matter of fact, Wharton, elsewhere in his treatise, makes it clear that such corroborative evidence may be circumstantial. *Wharton, supra,* §§ 352, 353. To dispel any doubt upon the subject, we now hold that the independent, corroborative evidence of the *corpus delicti,* necessary if an extrajudicial confession is to be used, may be circumstantial. *Messel v. State* (1911), 176 Ind. 214, 218-19, 95 N. E. 565; *Griffiths* v. *State* (1904), 163 Ind. 555, 559, 72 N. E. 563. See also 23 C. J. S., Criminal Law, § 916c, p. 185.

The literal meaning of the language which we used may, out of context, seem to be that the independent, corroborative evidence of the *corpus delicti* must ▇▇▇ precede the confession. We did not have before us, however, the question of order of proof; we were considering the necessity for such proof to uphold a conviction. The order of proof is, as in other cases, within the sound discretion of the trial court (Anno., 127 A. L. R. 1141), but inasmuch as an extrajudicial confession may not be considered and a conviction will not be upheld without independent, corroborative evidence of the *corpus delicti,* the better practice is to adhere to the logical sequence of proof and to delay the confession, unless convincing representations be made that the independent, corroborating evidence will be forthcoming and unless substantial

reason for departing from the natural order of proof be made to appear. In such event, the trial court has the right to control the order of proof, subject only to review for harmful abuse of discretion.

The petition for rehearing is denied.

NOTE.—Petition for Rehearing reported in 89 N. E. 2d 442.