WALKER *v.* STATE OF INDIANA.

[No. 30,838. Filed February 7, 1968.]

*Ralph R. Blume, Neiter, Smith, Blume, Wyneken & Dixon,* of Fort Wayne, for appellant.

*John J. Dillon,* Attorney General, and *Douglas McFadden,* Deputy Attorney General, for appellee.

JACKSON, J.—The appellant, James (Speck) Walker, was charged by affidavit with the crime of "Theft (Receiving Stolen Property)." Omitting heading, formal parts and signatures, the affidavit reads as follows:

"Undersigned being duly sworn, upon oath, says: That on or about the 27th day of July A.D., 1964, at the County of Allen and in the State of Indiana, said Defendant, James (Speck) Walker did then and there unlawfully committed (sic) the crime of theft of the property of Chatham's Mens Wear, 8233 Cottage Grove Avenue, Chicago, Illinois, in that he knowingly, unlawfully and feloniously obtained control over stolen property, to wit: Twenty one (21) men's suits; Four (4) men's leather jackets; Three (3) men's sport coats of the value of Nineteen Hundred Fifty Eight Dollars and Ninety Five Cents ($1958.95). The said James (Speck) Walker, knowing that said property had been stolen by another, to wit: Bernard Wilson and Robert Dofford. The said James (Speck) Walker intending to deprive the owner permanently of the use and benefit of the said property, being contrary to the form of the statute in such case made and provided."

To the above charge the appellant filed a "Verified Plea in Abatement," which omitting heading, formal parts and signatures, reads as follows:

"Comes now the defendant, James Walker, and being duly sworn upon his oath, deposes and says:

1. That he is the defendant in the above numbered cause of action.

2. That prior to the filing of the affidavit in the above numbered cause of action, he was promised immunity from prosecution upon the condition that he cooperate in the investigation being conducted by the Detective Bureau of the Fort Wayne Police Department.

3. That said promise of immunity was made by members of the Detective Bureau of the Fort Wayne Police Department acting in their capacity as police officers.

4. That defendant did cooperate with said officers in all respects during the said investigation.

WHEREFORE, defendant prays that this prosecution be abated, and for all further and proper relief in the premises."

The State of Indiana filed an answer to the plea in abatement. Such answer, omitting heading, formal parts and signature, reads as follows:

"Comes now the State of Indiana by Walter P. Helmke, Prosecuting Attorney for the 38th Judicial Circuit, and for answer to defendant's Verified Plea In Abatement alleges and says:

1. That it admits the allegation contained in rhetorical paragraph one.

2. That it denies the allegations contained in rhetorical paragraphs 2, 3 and 4.

WHEREFORE, State of Indiana prays that defendant's Verified Plea in Abatement be denied."

Thereafter, on the 3rd day of December, 1964, after hearing argument of counsel and having taken the same under advisement, the Special Judge denied appellant's plea in abatement.

On December 14, 1964, the appellant waived arraignment and entered a plea of not guilty to the offense of theft, as charged in the affidavit.

Thereafter, on the 6th day of April, 1965, the cause came on for trial before the Special Judge, without the intervention of a jury. The State of Indiana introduced its evidence and rested. At the conclusion of the State's evidence appellant moved the court for a finding of not guilty, upon which the court reserved its ruling. The appellant introduced his evidence and rested. The court heard arguments of counsel and took the matter under advisemen.

On April 26, 1965, the Special Judge found the appellant guilty of theft, as charged in the affidavit.

On May 25, 1965, appellant filed his Motion for New Trial alleging therein the following three grounds:

"1. That the Court erred in finding defendant guilty on April 26, 1965, without first ruling upon defendant's motion for a finding of not guilty made at the close of State's case.

2. That the finding is contrary to law.

3. That the finding is not sustained by sufficient evidence."

On June 2, 1965, judgment was rendered and sentence imposed as follows:

"It is, therefore, ordered, adjudged and decreed by the Court that the defendant, James (Speck) Walker, is guilty of the offense of Theft, as charged in the affidavit, and that he is 40 years of age, and that he be and he is hereby committed to the custody and control of the Warden of the Indiana State Prison for a period of not less than one (1) year, nor more than ten (10) years, and that he be fined in the penal sum of One Hundred Fifty ($150.00) Dollars, that he be disfranchised for a period of five (5) years, and that he pay and satisfy the costs herein taxed."

June 11, 1965, appellant's motion for new trial was submitted to the court. The court having heard argument of

counsel thereon and being duly advised in the premises, overruled the same. A portion of such ruling reads as follows:

"With reference to the Court's ruling on Specification 1 of defendant's motion for new trial, said ruling is based on the following:

That the defendant did not object to the Court reserving its ruling on defendant's motion for a finding of not guilty; that the defendant proceeded with the introduction of his evidence; that defense counsel proceeded with argument without insisting upon a ruling; that the defendant did not object to the case being taken under advisement without a ruling on said motion; that the defendant did not insist upon a ruling at any time prior to the submission of the cause for decision by the Court; that accordingly the defendant has waived any objection to the failure of the Court to rule on his said motion and the ruling of said motion is merged in the judgment of the Court."

The defendant indicated his intention to appeal, and the appeal bond was, by the Court, set at two thousand ($2,000.-00) dollars.

Appellant's Assignment of Errors contains two specifications, as follows:

"1. The Court erred in overruling appellant's Motion for a new trial.

2. The Court erred in violating the appellant's constitutional rights under the Sixth and Fourteenth Amendments of the Constitution of the United States in that certain statements made and actions taken by appellant to and in view of police officers interrogating him were admitted into evidence against the appellant, said statements and actions having been made at a time when appellant did not have the benefit of nor waived his right to counsel."

A brief summation of the evidence adduced in this cause indicates that a clothing store in Chicago, Illinois, was robbed on July 26, 1964, by four men. The robbers took approximately thirty suits, five leather coats, a dozen shirts, two sport coats and $50.00 in cash. The robbery was reported to

the Chicago police the same day. Two Chicago police went to Fort Wayne, Indiana on July 31, 1964, to investigate the robbery of the clothing store.

The Fort Wayne police asked the appellant to come to police headquarters on July 31, 1964. At the police station on that date he was told by the police that they were investigating a liquor store robbery on the previous night and that they had information that he was acquainted with the persons who robbed the Chicago store. The police told him that they had information he had visited the robbers in a motel outside of town where they were staying. The appellant told the police he had been out to the motel and had observed some guns and clothing. Appellant told the police he had purchased some suits from them. The police told him they were not particularly interested in suits, but they wanted the robbers and asked the appellant's cooperation.

Detective Sergeant Chambers of the Fort Wayne Police Department testified that during the conversation on the evening of July 31, 1964, he told the appellant they were not interested in the fact that he had the suits. Chambers testified he understood when he made that statement that he was promising the appellant there would be no prosecution for buying the suits if he gave them the information they were after.

It clearly appears from the evidence herein that the appellant was promised immunity from prosecution by police officers if he would return the suits he still had and assist them in the investigation.

The appellant took the stand in his own behalf and testified that he went to the Fort Wayne Police Station on July 31, 1964. Appellant testified he had been introduced to the men who were at the Howard Johnson Motel on the edge of the city and had visited them there. He purchased some suits and leather coats from them. He testified that the police offered him immunity from prosecution if he would assist

them in the investigation. The appellant testified that he took three suits to the police.

Detective Sergeant Leo Hinsey of the Fort Wayne Police Department arrested the appellant on a warrant charging him with theft. After making the arrest at approximately 6:30 p.m. on August 7, 1964, Lieutenant Johnson and Detective Hinsey took the appellant to the office of the Captain of Detectives. They interrogated appellant at that time. Appellant was advised of his constitutional rights to the extent that he could contact an attorney and also that anything he said could be used against him in court. Appellant then asked to use the telephone, and he was allowed to do so. He made numerous calls in an effort to contact his attorney who was out for the evening. After the appellant was unable to contact his attorney the interrogation was continued. The appellant said he had bought twenty suits, two long leather jackets, three short leather jackets, two sport coats, one slipover sweater and a Burroughs adding machine from Mr. Dofford and Mr. Wilson at approximately noon on July 27, 1964, at the Howard Johnson Motel on East 30. He said he had paid $300.00 for the suits and that he had sold them. He said he got $20.00 apiece for the suits, $25.00 apiece for the long leather jackets and $20.00 apiece for the short leather jackets. He had given away the two sport coats, the slipover sweater and the Burroughs adding machine.

Appellant contends that the extra judicial statements and actions of the appellant admitted into evidence were induced by police promise of immunity from prosecution; and were therefore made under undue influence within the meaning of Acts 1905, ch. 169, § 239, p. 584, being § 9-1607 Burns' 1956 Repl., which reads as follows:

"The confession of a defendant made under inducement, with all the circumstances, may be given in evidence against him, except when made under the influence of fear produced by threats or by intimidation or undue influence; but a confession made under inducement is not sufficient to warrant a conviction without corroborating evidence."

Appellant contends the record in this cause is devoid of independent, direct or inferential corroborating evidence.

The above questions are raised by appellant in his Assignment of Error No. 1, that "The Court erred in overruling appellant's Motion for a new trial." The grounds of said motion are: "2. That the finding is contrary to law. 3. That the finding is not sustained by sufficient evidence."

There can be no question that the appellant was promised immunity from prosecution. The testimony of Officer Raymond Chambers who was present when Captain Schmeding talked with appellant is as follows:

"Q. Isn't it a fact that at that time you told the defendant that they were not interested in the fact that he had the suits?

A. That is correct.

Q. You testified once before under oath, at the time of the hearing on the Plea in Abatement in this case, did you not, Sergeant?

A. I did.

Q. At that time was it not your testimony that you understood when you made that statement that you were promising the defendant that there would be no prosecution for buying the suits if he gave you the information that you were after?

A. That was my interpretation, that's right."

On cross examination Captain Schmeding testified concerning the conversation he and Raymond Chambers had with the appellant as follows:

"A. I told him if I found he had any merchandise that was stolen, over and above what he brought in, he would be prosecuted.
. . . .

Q. That's sufficient, thank you. Captain, would you now change your answer to admit that you did talk to him about whether or not charges would be brought as a result of this purchase?

A. Yes."

When the appellant brought in the three suits they were all he had and were the only exhibits at the trial.

A confession made under inducement is not sufficient to warrant a conviction without corroborating evidence. Acts 1905, ch. 169, § 239, p. 584, § 9-1607 Burns' 1956 Replacement; *Evans* v. *State* (1927), 199 Ind. 55, 155 N. E. 203.

Promises of immunity from prosecution made by police officials to the accused, constitute inducement within the meaning of that term of § 9-1607 Burns', *supra.* See: 29 Am. Jur. 2d, *Evidence,* §§ 563, 564; Annotation 7 A.L.R., 419.

The appellant also contends the extra judicial statements and actions which constituted a confession were erroneously admitted into evidence prior to the establishment of the *corpus delicti.*

Proof of the *corpus delicti* means proof that the *specific* crime charged has actually been committed by someone at the time and place alleged. *Dennis* v. *State* (1952), 230 Ind. 210, 102 N. E. 2d 650; *Parker* v. *State* (1950), 228 Ind. 1, 88 N. E. 2d 556, 89 N. E. 2d 442.

Extra judicial admissions of a defendant will not be admitted in evidence and a conviction will not be upheld until and unless the *corpus delicti* has been established by clear probative proof independent of the admissions. *Hayden* v. *State* (1964), 245 Ind. 591, 199 N. E. 2d 102, 201 N. E. 2d 329; *Holding* v. *State* (1963), 244 Ind. 75, 190 N. E. 2d 660; *Dennis* v. *State* (1952), 230 Ind. 210, 102 N. E. 2d 650; *Parker* v. *State* (1950), 228 Ind. 1, 88 N. E. 2d 556, 89 N. E. 2d 442.

The appellee contends there was sufficient evidence of the *corpus delicti* to corroborate appellant's confession, and in support of that argument says:

"The testimony of the store owner, Morton Miller, as to the robbery and merchandise taken coupled with that

of the Chicago Police officer to seeing some of such stolen merchandise in Appellant's possession in the police station on the night of July 31, constitute more than sufficient evidence that the crime of theft, as charged, had been committed."

The appellant counters this on the theory that his bringing the suits to the police station at the request of the police and immediately after he had been promised that he would *not* be prosecuted if he brought them in was a voluntary confession induced by police promises and as such could not be used to establish the *corpus delicti*.

The record discloses that Mr. Miller testified he was the owner of Chatham's Mens Wear in Chicago, Illinois; that on July 26, 1964, a robbery occurred at his store, being committed by four colored men while the store was closed for inventory. He was not present, but four of his employees were there taking the inventory. He testified to the loss of merchandise. This is the only evidence independent of appellant's extra judicial admissions in the case. With reference to Mr. Miller's testimony concerning the robbery, it is clearly not of probative value, being hearsay. At best, the witness's testimony by inference indicates that a robbery occurred at his store in Chicago, Illinois, on July 26, 1964, and nothing more, if that.

This Court in *McCoy* v. *State* (1960), 241 Ind. 104, 114, 170 N. E. 2d 43, 47, and *Wertheimer* v. *State* (1930), 201 Ind. 572, 577, 169 N. E. 40, 42, has held that receiving stolen property knowing it to have been stolen "is an independent, substative offense and not merely an accessorial one. The particular thing denounced by the statute is the receiving of stolen goods knowingly."

In view of these holdings, it is manifestly clear that circumstantial evidence of a robbery does not establish the *corpus delicti* of receiving stolen property, knowing it to have been stolen.

In the case at bar there can be no question that the extra judicial actions and statements amounting to a confession by appellant were obtained by the promise of immunity from prosecution. It clearly appears that the appellant and at least some of the police officers in good faith acted on the representations so made. The officers thereby obtained some of the merchandise identified by Mr. Miller as having been in his store. The confession thereby became subject to the provisions of § 9-1607, *supra*, and became inadmissible until and unless the *corpus delicti* was established by clear proof of probative value, independent of the appellant's admissions. It is equally clear that in the case at bar the state wholly failed to establish the *corpus delicti*.

Appellant has properly saved and presented other questions for our consideration, but in view of the result we must reach in this matter, we need not, and do not, pass upon those questions.

The cause must be, and the same hereby is, reversed and remanded to the trial court with instructions to grant appellant's motion for a new trial.

Lewis, C. J. and Hunter and Mote, JJ., concur.

Arterburn, J., dissents with opinion.

## DISSENTING OPINION

ARTERBURN, J.—I dissent for the reason that I do not believe all the pertinent facts are set forth in the majority opinion. It appears to me that Captain Schmeding of the Fort Wayne police, when talking to the appellant about the robbery in question, told him that if he did not bring in all the stolen suits and clothing or was lying to him, he would be prosecuted. It turns out from the facts in the case that he brought in only three suits, while more than twenty were taken by him, and seventeen of these resold by him. In addition there were two long leather jackets, three short leather jackets, two sport coats, one slipover sweater, and a Burroughs adding

machine acquired by the appellant. The appellant himself testified as follows:

> "Capt. Schmeding told me if he found out I had some more suits, that I was lying to him, or something, about those suits, he didn't say I wouldn't be prosecuted, he said I would be prosecuted if he found out I was lying to him about those suits."

The issue as to whether or not the police officers promised the appellant immunity on certain conditions and whether or not the appellant complied with those conditions, is a question of fact to be determined by the trial court. The trial court did this, and we have no right to select the testimony we wish to believe and reject that which the trial court apparently accepted.

Finally, I point out that there is no authority under the law that I can find which gives police officials the right to bind the State from prosecuting crimes. This is a matter under the law for the prosecuting officials. To hold otherwise, in my opinion, is a dangerous precedent and places in the hands of certain police officials unwarranted authority and power.

I feel the decision of the trial court should be affirmed.

NOTE.—Reported in 233 N. E. 2d 483.