JAMES PERRY *v.* STATE OF INDIANA

[No. 3-777A176. Filed April 11, 1978.]

*John F. Surbeck, Jr.* of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *J. Roland Duvall,* Deputy Attorney General, for appellee.

HOFFMAN, J. — Defendant-appellant James Perry was convicted following trial to a jury of the offense of second degree burglary[1] and sentenced to the custody of the Indiana Department of Corrections for a period of not less than two nor more than five years. Thereafter, appellant's motion to correct errors was denied and this appeal follows. The issues presented for our resolution are whether incriminating statements made by appellant were involuntarily made as the product of fraud and misrepresentation on the party of interrogating officers and whether the evidence was sufficient to support the verdict.

Appellant contends that the confession was involuntary because it was the direct result of an implied promise of immunity, *Walker v. State* (1968), 249 Ind. 551, 233 N.E.2d 483, or at least, an implied promise of mitigation of punishment. *Ashby v. State* (1976), 265 Ind. 316, 354 N.E.2d 192. An in-trial suppression hearing was conducted outside the presence of the jury. Detective Captain Louis E. Seibt of the Allen County Police Department testified that after appellant was advised of his Miranda rights, he admitted acting as a lookout while two other men entered King's Department Store and took articles of property. The following was then elicited from Captain Seibt:

"[MR. TROTTER, Prosecuting Attorney]: Were any promises of leniency offered to him or anything said to him that would make

---

1. IC 1971, 35-13-4-4(b) (Burns Code Ed.).

him feel that nothing would happen to him if he would testify and tell you what happened?

"[CAPTAIN SEIBT]: No, sir. The only thing that we discussed with him is to help identify the other persons involved and that, you know, it was better on him. The more merchandise that we could get back and if full restitution was made it'd look better for him in court."

It is the answer to the above question which appellant contends constituted the improper inducement rendering the confession inadmissible. In *Walker v. State, supra,* the defendant was questioned during the course of a police investigation into a robbery of a clothing store. The police advised defendant that they had information defendant had visited the robbers in a motel. Defendant confirmed this statement and told the police he had purchased some suits from the robbers. The police told appellant they were not interested in the suits, but wanted the robbers and asked the defendant's cooperation. The appellant and at least some of the police officers acted on the belief that the statement made to the defendant was a promise of immunity in exchange for his cooperation in the robbery investigation. In the case at bar, however, the statement cannot reasonably be construed as a promise of immunity from prosecution because the statement made by the police officers was that it would look better for appellant "in court".

The statement of the officers is likewise not sufficient to constitute a promise of mitigation of punishment. In *Ashby v. State, supra,* the defendants confessed to inflicting injury in the course of a robbery, for which they could have received life imprisonment, in return for a promise of a ten-year determinate sentence. In *Ortiz v. State* (1976), 265 Ind. 549 356 N.E.2d 1188, a police officer told defendant that the police would "see what they could do" for him, and later told defendant if he made a statement the officer "could probably talk to the prosecutor and make a deal". Our Supreme Court stated that the officer's respresentation that he "would see what he could do" for the defendant was so vague and indefinite that the trial court would be justified in finding that the officer's representation did not bring about a confession not freely self-determined. The court distinguished *Ashby*, stating that such a vague promise as that found in *Ortiz* falls short of the standard set forth in *Ashby*.

The statement of the police officer in the case at bar is more akin to the *Ortiz* decision. There was no promise such as the one found in *Ashby*. The statement was not an offer of reduced punishmment, but a statement that appellant would appear before the court in a better light if he cooperated. The trial court did not err in overruling appellant's motion to suppress the confession.

Appellant next contends that the evidence is insufficient to support the verdict. IC 1971, 35-13-4-4(b) (Burns Code Ed.), defines second degree burglary, in part, as follows:

"Whoever breaks and enters into . . . any building or structure other than a dwelling house or place of human habitation, with the intent to commit a felony therein, shall be guilty of burglary in the second degree, . . ."

In the case at bar there is substantial evidence of probative value from which a reasonable jury could infer appellant's guilt beyond a reasonable doubt. The evidence most favorable to the State discloses that Robert Clawson, a department manager for King's Department Store, locked the front and rear doors of the store on the evening of November 26, 1974, noting that everything in the store was in its proper order and the jewelry counters and boxes were in their proper places. While on patrol in a marked squad car during the early morning hours of November 27, 1974, Officer Stephen Crick of the Allen County Police Department observed a panel truck on the side of the road with its parking lights on. Officer Crick then observed two persons, with merchandise in their hands, scramble into the vehicle and drive away. As the officer pursued the vehicle, merchandise fell from the rear door of the vehicle. The pursuit ended in an open field when the vehicles became mired down. The two people exited the truck and began running across the field. Officer Crick continued his pursuit on foot and apprehended appellant. After other police units arrived at the scene, Officer Crick inventoried the contents of the truck finding a large amount of merchandise including suits and other clothing.

Officer Crick later returned to the area where he first observed appellant. Clothing was found on the railroad tracks between King's Department Store and the place where he first observed the truck. An electrical fuse box at the back of the building had been removed.

There were pry marks on the rear door where the lock had been pulled and the door was standing in an open position. The jewelry counter was ransacked, all watches taken therefrom, and various articles of merchandise placed in carts within the store. Merchandise found in the truck was identified as coming from King's Department Store.

The foregoing evidence is sufficient to permit the trier of fact to find beyond a reasonable doubt that appellant was guilty of second degree burglary. Having found no reversible error, the judgment of the trial court must be affirmed.

Affirmed.

Staton, J. and Robertson, J., participating by designation, concur.

NOTE—Reported at 374 N.E.2d 558.