

**FILED**

Feb 09 2017, 8:18 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jack Quirk
Muncie, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Andy A. Shinnock,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

February 9, 2017

Court of Appeals Case No.
18A05-1606-CR-1258

Appeal from the Delaware Circuit
Court.
The Honorable Kimberly S.
Dowling, Judge.
Cause No. 18C02-1508-F6-117

**Sharpnack, Senior Judge**

# Statement of the Case

[1] Andy A. Shinnock appeals his conviction of bestiality, a Level 6 felony.[1] We reverse and remand.

# Issue

[2] Shinnock's sole issue on appeal is whether the trial court erred by admitting his confession because the State's evidence did not establish the corpus delicti of the crime.

# Facts and Procedural History

[3] In August 2015, Shinnock resided with Paul Moore and Moore's two dogs in Muncie. One morning when Moore returned home from work, he called the dogs, but they did not respond. Moore called the dogs a second time, and only the male dog responded. Moore noticed dog feces on the floor and dog food scattered about. He then called for the female dog by name. When she still did not respond, Moore opened the door of Shinnock's bedroom. The female dog ran out of the bedroom and went under the couch. Moore noticed that Shinnock was wearing boxer shorts and a t-shirt and had an erection. Moore confronted Shinnock who admitted to attempting to have sex with Moore's dog. Moore then called the police. When the investigating officer arrived and questioned Shinnock, Shinnock admitted to having sex with the dog.

---

[1] Ind. Code § 35-46-3-14 (2014).

[4]     Based upon this incident, the State charged Shinnock with bestiality. A bench trial was held, at which defense counsel objected several times. During Moore's testimony, defense counsel objected to the admission of Shinnock's statement to Moore based upon the lack of corpus delicti. The court overruled the objection. Defense counsel then asked for a continuing objection due to the lack of corpus delicti. Although the court overruled the objection, it granted defense counsel's request for the record to show a continuing objection. Defense counsel also objected on the basis of lack of corpus delicti to Exhibits 7, 8 and 9, which are recordings of Shinnock's confession to Moore, Moore's 911 call, and Shinnock's confession to the investigating officer, respectively. These objections were also overruled by the court. Defense counsel again lodged a corpus delicti objection to the testimony of the investigating officer concerning Shinnock's statement to him, and, as before, the court overruled the objection. The trial court found Shinnock guilty but mentally ill. He now appeals this conviction.

# Discussion and Decision

[5]     The trial court is afforded wide discretion in ruling on the admissibility of evidence. *Nicholson v. State*, 963 N.E.2d 1096, 1099 (Ind. 2012). On appeal, evidentiary decisions are reviewed for abuse of discretion and are reversed only when the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

[6] In Indiana, a person may not be convicted of a crime based solely on a nonjudicial confession of guilt. *Green v. State*, 159 Ind. App. 68, 304 N.E.2d 845, 848 (1973). Rather, independent proof of the corpus delicti is required before the defendant may be convicted upon a nonjudicial confession. *Id.* Proof of the corpus delicti means "proof that the specific crime charged has actually been committed by someone." *Walker v. State*, 249 Ind. 551, 233 N.E.2d 483, 488 (1968). Thus, admission of a confession requires some independent evidence of commission of the crime charged. *Workman v. State*, 716 N.E.2d 445, 447 (Ind. 1999). The independent evidence need not prove that a crime was committed beyond a reasonable doubt but merely provide an inference that the crime charged was committed. *Malinski v. State*, 794 N.E.2d 1071, 1086 (Ind. 2003). The purpose of the corpus delicti rule is to prevent the admission of a confession to a crime which never occurred. *Hurt v. State*, 570 N.E.2d 16, 19 (Ind. 1991). Further, we note that the order of the evidence is not critical; the admission of independent evidence proving the corpus delicti may follow the admission of a confession, provided the totality of the independent evidence establishes the corpus delicti. *McManus v. State*, 541 N.E.2d 538, 539-40 (Ind. 1989).

[7] Here, Shinnock was charged with bestiality, specifically that he "knowingly or intentionally perform[ed] an act involving penetration of an animal[']s sex organ by the human male sex organ." Appellant's App. Vol. 2, p. 14; *see also* Ind. Code § 35-46-3-14(4). The only evidence presented at trial besides Shinnock's confessions to his roommate Moore and the investigating officer

was Moore's testimony that: (1) Moore's two dogs did not respond as usual when called; (2) when Moore called the dogs a second time, only the male dog responded; (3) there was dog feces and dog food on the floor, which had not happened before; (4) when Moore called for the female dog by name, she did not respond; (5) when Moore opened Shinnock's door, the female dog ran out of the room and went under the couch, which was unusual; (6) Shinnock was wearing a t-shirt and boxer shorts and had an erection. In addition, Shinnock's parole supervisor testified that Shinnock is "low functioning," has "anger issues," and is "very sexually preoccupied." Tr. p. 53.

[8] The corpus delicti here would at least be a dog whose sex organ had been penetrated by the sex organ of a human male. The only evidence of that crime in this case, other than Shinnock's confessions, is as described above. That evidence provides no showing that the dog's sex organ had been penetrated by anything or that the defendant's sex organ had penetrated anything. Further, there was neither evidence of physical injury to the dog's sex organ nor any evidence of the condition of the dog's sex organ or the defendant's sex organ, other than it was erect. In short, there was no proof of the commission of the crime of bestiality by the defendant other than his confessions to Moore and the investigating officer. *See, e.g.*, *Parker v. State*, 228 Ind. 1, 88 N.E.2d 556 (1949) (holding corpus delicti not established where only evidence that victim had been murdered, besides defendant's confession, was victim had disappeared and unidentified bones and skull were found). Therefore, admitting the confessions was error.

# Conclusion

[9] For the reasons stated, we conclude the trial court erred in admitting Shinnock's confessions at trial because the corpus delicti of the crime charged was not established. We reverse and remand to the trial court.

[10] Reversed and remanded.

Pyle, J., and Altice, J., concur.